**UNITED STATES of America and Ronald H. Eggleston, Revenue Agent, Petitioners-Appellees,**

v.

**Raymond J. THEEP, Respondent-Appellant.**

**UNITED STATES of America and Ronald H. Eggleston, Revenue Agent, Petitioners-Appellees,**

v.

**Stanley STEINERT, Respondent-Appellant.**

Nos. 73–1163, 73–1195.

United States Court of Appeals, Ninth Circuit.

Sept. 3, 1974.

Raymond J. Theep, in pro per.

Stanley Steinert, in pro per.

Grant W. Wiprud, Atty., Tax Div., U. S. Dept. of Justice (argued), Washington, D. C., for petitioners-appellees.

Before MERRILL and KILKENNY, Circuit Judges, and CRARY, District Judge.*

## OPINION

PER CURIAM:

The above entitled actions were consolidated for trial in the District Court. The appeal in each case involved the same issues of fact and law. The appellants appeared in propria persona in the District Court and in these appeals and have filed consolidated briefs on appeal.

Demand for refunds of income taxes allegedly overpaid for the year 1971 were made by the appellants, Theep for $124.57 and Steinert for $932.48. The refunds were denied and the Internal Revenue Service (IRS) issued and served on each appellant a summons to produce all bank records and all other records pertaining to the information used in the preparation of their tax returns and the computation of tax as disclosed in their income tax returns relating to the years 1969, 1970 and 1971. Each appellant presented himself before the appellee, Revenue Agent Ronald H. Eggleston, at the appointed time, December 7, 1972, and place, with his records but refused to disclose them to the Revenue Agent or to testify as to the said records, claiming the information was protected by the unreasonable search and seizure provisions of the Fourth Amendment and their right not to incriminate themselves under the Fifth Amendment to the United States Constitution. The Government then petitioned the District Court for enforcement of the summons whereupon the appellants moved to dismiss the petition for enforcement and petitioned the Court for an injunction prohibiting the appellee Eggleston from issuing any further "abusive" process. As part of their petitions for injunction, Theep asserted his 1971 tax was overpaid by $124.57 and appellant Steinert claimed overpayment of his 1971 tax in the sum of $932.48. It is to be noted that the 1969 deficiency was determined by the IRS from the information at hand before the running of the statute of limitations.

The Government, at the hearing on December 7, 1972, conceded that there might be specific answers or documents which were protected by the Constitution but objected to the blanket refusal by the taxpayers to disclose their records.

In the circumstances the Government summons enforcement proceedings were not barred by Title 26, U.S.C. § 6213(a), because of the refusal of the IRS to make the 1971 refunds claimed by the taxpayers. The Government was investigating the appellant's tax returns, not seeking to assess or collect unpaid taxes. No showing of probable cause is required for this investigation or enforcement of summonses. The summonses were properly issued for the purpose of determining whether any deficiency existed for the pertinent years.

Although the appellants could not avoid the summonses by a blanket claim of privilege under the Fourth and Fifth Amendments, neither is the Government entitled to have the records produced by the appellants turned over to it in toto for its examination. As stated by this Court in United States v. Bell, 448 F.2d 40, at 42 (1971), the law recognizes that a taxpayer must appear for questioning, and as to each question asked or document sought by the Government may decide whether to raise the Fifth Amendment privilege.

* Honorable E. Avery Crary, United States District Judge for the Central District of California, sitting by designation.

It does not appear that Agent Eggleston made the specific inquiries required to afford the appellants the opportunity to make appropriate objection to the production of separate documents or records sought by the Government for inspection.

 The unlawful search and seizure provisions of the Fourth Amendment do not protect the taxpayer from an IRS summons in an investigation proceeding of the nature involved in the instant case once the Fifth Amendment is satisfied. Donaldson v. United States, 400 U.S. 517, at 522, 91 S.Ct. 534, 27 L.Ed. 2d 580 (1971); and United States v. Ahmanson, 415 F.2d 785, 787 (9th Cir. 1969).

The order of enforcement of the District Court is affirmed and the case is remanded for further proceedings to be conducted in accordance with this opinion.