Stanley STEINERT,
Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

No. 77–2617.

United States Court of Appeals,
Ninth Circuit.

Feb. 14, 1978.

Rehearing Denied March 24, 1978.

John R. Bernard (argued), San Francisco, Cal., for defendant-appellant.

Richard W. Nichols, Asst. U. S. Atty. (argued), Sacramento, Cal., for plaintiff-appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

SNEED, Circuit Judge:

Appellant Steinert has been before this court previously. In *United States v. Theep*, 502 F.2d 797 (9th Cir. 1974) we informed appellant and his then co-appellant, Theep, that a summons issued by the Internal Revenue Service and served on appellant and Theep could not be avoided "by a blanket claim of privilege under the Fourth and Fifth Amendments." *Id.* at 798. We also recognized, however, that the ineffectiveness of a "blanket claim of privilege" did not without more entitle the Service to the records it sought by the summons. We pointed out that "a taxpayer must appear for questioning, and as to each question asked or document sought by the Government may decide whether to raise the Fifth Amendment privilege." *Id.* In keeping with these views we affirmed the order of the District Court that enforced the summons of the Service and remanded for further proceedings.

What is now before us developed from the "further proceedings." On February 10, 1975, the District Court conducted a hearing as a result of which the government's petition to enforce the summons was granted and appellant was directed to appear before the Service on February 25, presumably, among other things, to permit appellant to determine with respect "to each question asked or document sought" whether to raise the Fifth Amendment privilege. The written order setting forth the District Court's directions was not filed until February 18, 1975.

Having learned at the February 10, 1975 hearing the intentions of the District Court, the appellant on February 17, 1975 filed a notice of appeal from these intentions. Notwithstanding this action he appeared on February 25 as ordered and answered a few questions put to him by the Service but asserted his privilege in response to most of the questions asked. In due course the government asked the District Court to determine whether appellant's claim of privilege was proper and on October 3, 1975 it ruled that appellant had no privilege with respect to the questions asked on February 25, 1975. Appellant was fined $250 for civil contempt and ordered to appear October 20, 1975 to answer questions to be put by the Service and to produce documents.

At this point the appellant terminated his limited cooperation and failed to appear on October 20, 1975. This recalcitrance resulted in an indictment returned on May 26, 1976 charging appellant with criminal contempt for failing to comply with the District Court's October 3, 1975 order. Appellant was tried, convicted and sentenced to 30 days imprisonment. Appellant appealed

this conviction and it is this appeal that is before us. Execution of the sentence was stayed pending appeal.

Appellant looks principally to his appeal of February 17, 1975 to defeat his conviction. His position is simple. The February 17 appeal ousted the District Court of jurisdiction which ouster continued until December 10, 1975 on which date this court dismissed the February 17 appeal without comment. As a consequence the October 3, 1975 order of the District Court which appellant failed to obey was beyond the power of the District Court. Appellant's disobedience was, it follows, proper and not contemptuous. His conviction should be overturned.

Appellant also argues that even if he failed to obey a valid order his disobedience was not willful as required by the statute because he acted on the advice of his tax advisor.

We reject both contentions and affirm appellant's conviction.

## I.

Appealability of the District Court's February 10, 1975 Order.

■ To succeed the appellant would have to establish that the February 10, 1975 order was an appealable order. This he cannot do.

Analysis must commence with recognizing that "Finality as a condition of review is an historic characteristic of federal appellate procedure." *Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783 (1940). *See* 9 Moore's Federal Practice ¶ 110.06. That "finality" was not a characteristic of the February 10 order would be self-evident were it not for *Reisman v. Caplin*, 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964). There the Supreme Court held that a summons issued pursuant to section 7602 of the Internal Revenue Code of 1954 could be challenged before a district judge and that his orders enforcing the summons were appealable. Presumably appellant reads *Reisman* as justifying an appeal from *any* order of a district judge

issued during the process in which a taxpayer asserts a Fifth Amendment privilege with respect to questions asked by the Service pursuant to its summons.

We think this is too broad a reading of *Reisman*. Clearly our review of the summons in *Theep* accorded appellant what *Reisman* intended him to have. To permit *Reisman* to bestow the right to appeal from an order designed to require the Service and the taxpayer to confront one another so that the privilege can be raised with respect "to each question asked or each document sought" would be to attribute to the Supreme Court an indifference to finality as a condition to review which *Cobbledick* belies. Finality for purposes of appeal is not reached before the court has determined what questions must be answered and what documents must be produced notwithstanding the claim of the Fifth Amendment privilege. Our decision in *Chapman v. Goodman*, 219 F.2d 802 (9th Cir. 1955) makes this plain and, although it was decided before *Reisman*, we believe its validity is unimpaired in situations such as this. Therefore, we conclude the February 10 order was not appealable.

■ While it is not essential to our disposition of this case to locate precisely the point of finality which constitutes the prerequisite to appeal, other than to recognize that no finality problem exists with respect to the appellant's present appeal from his contempt conviction, it should be pointed out that a mere adjudication of contempt also lacks finality. *SEC v. Naftalin*, 460 F.2d 471 (8th Cir. 1972). Appealability requires the imposition of a sentence or sanction. *Id.* at 475. These observations, of course, are made in the context of criminal contempt proceedings following such *Reisman* test of the summons as the circumstances require.

It follows from this analysis that the District Court had jurisdiction to enter the order of October 3, 1975, and that appellant's conviction does not rest on disobedience of an invalid order. *Cf. Hoffman v. Beer Drivers and Salesmen's Local 888*, 536 F.2d 1268 (9th Cir. 1976); *Ruby v. Secretary*

*of the United States Navy,* 365 F.2d 385 (9th Cir. 1966) (en banc), *cert. denied,* 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967).

## II.

Willfulness of Appellant's Disobedience.

■ As already indicated we reject appellant's contention that his disobedience was not willful. Disobedience of a valid court order does not cease to be willful when done in good faith reliance on the advice of a tax accountant. *United States v. Snyder,* 428 F.2d 520 (9th Cir.), *cert. denied,* 400 U.S. 903, 91 S.Ct. 139, 27 L.Ed.2d 139 (1970). To hold otherwise would make stultification of a court order impermissibly easy. In litigation frequently the client must assume the risks of his advisor's errors. Appellant's long sustained recalcitrance in this and earlier litigation provides no basis for relieving him of these ordinary risks.

■ Authorities which have recognized that good faith reliance on advice of a tax accountant may negate the element of willfulness as to the substantive offense of tax evasion are inapposite. *E. g., United States v. Mitchell,* 495 F.2d 285 (4th Cir. 1974); *Bursten v. United States,* 395 F.2d 976 (5th Cir. 1968). It is one thing to find not willful an evasion of taxes when returns were prepared on the basis of advice of competent tax counsel; it is quite another to find disobedience of an explicit court order after years of litigation not willful because of reliance on a tax accountant's advice. At some point the taxpayer accepts bad advice at his peril. We have no difficulty in finding that point reached here.

We have examined the appellant's other assertions of error and find none of them substantial enough to warrant discussion.

AFFIRMED.