**CHEN CHI WANG and Wayne Chen, Petitioners-Appellants,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 83–2577.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 3, 1984.

Decided April 9, 1985.

Martin A. Schainbaum, Kevin W. Finck, San Francisco, Cal., for petitioners-appellants.

Elaine F. Ferris, Libero Marinelli, Jr., Washington, D.C., for respondent-appellee.

Before DUNIWAY, FERGUSON, and NELSON, Circuit Judges.

DUNIWAY, Circuit Judge:

Wang and Chen appeal from the district court order dismissing their petition to quash an Internal Revenue Service (IRS) summons issued to Whitfield Management Services. They argue (1) that Whitfield is a "third party recordkeeper" under 26 U.S.C. § 7609 and the summons was improper because they were not given notice, and (2) that as a "target" of a third party subpoena, they are independently entitled to intervene under general law principles. In addition, (3) they challenge the district court's denial of a discovery request. We affirm on each point.

I. *Background.*

In November 1982, the IRS initiated a criminal tax investigation of petitioner

Chen. On May 31, 1983, an IRS summons was issued to Whitfield Management Services, a financial service organization which has prepared Wang's tax returns, demanding the production of any and all records relating to payments by Wang to Chen. Wang filed a petition in the district court to quash the summons, arguing that the summons was unenforceable because the IRS failed to give Wang notice of its issuance as required by 26 U.S.C. § 7609(a)(1). The government moved to dismiss the petition, arguing that Whitfield is not a third party recordkeeper under § 7609(a)(3) and therefore Wang cannot bring a proceeding to quash the summons. The district court granted the government's motion to dismiss the petition for lack of subject matter jurisdiction under § 7609(h)(1). Wang and Chen filed an *ex parte* application and motion seeking an order requiring the production of documents. The district court denied the discovery request.

## II. *Third Party Recordkeeper.*

Under 26 U.S.C. § 7602, the IRS has broad powers to summon information relevant to determining the liability of any taxpayer. The IRS may obtain such information from the taxpayer himself, or it may require production from "any person" holding records "relating to the business of the person liable for tax" or "any other person the Secretary or his delegate may deem proper." 26 U.S.C. § 7602(a).

Under §§ 7609(b)(2) and (h)(1), a district court has jurisdiction of a proceeding to quash a third-party summons when such an action is brought by a person entitled to notice of summons under § 7609(a). A person identified in the description of the records contained in the summons is entitled to notice if the summons is served upon a third party recordkeeper as defined in § 7609(a)(3). This subsection lists seven categories of third party recordkeepers including "any accountant." § 7609(a)(3)(F).

The district court relied upon Treas.Reg. 301.7609–2(a)(1) (26 C.F.R.) to find that Whitfield is not a third party recordkeeper under Section 7609:

A person is an "accountant" under section 7609(a)(3)(F) for purposes of determining whether that person is a third-party recordkeeper if the person is registered, licensed, or certified under State law as an accountant.

Appellants argue that Whitfield falls into the category "any accountant" under § 7609(a)(3)(F) when that term is properly construed and that the Treasury Regulation is an invalid limitation on the section.

Whitfield was licensed by the State of California as an Income Tax Return Preparer before the California licensing law expired in 1982. However, Whitfield is not registered with or licensed by the California State Board of Accountancy. According to Whitfield's president Allen, Whitfield provides accounting services which include "examining and verifying, but not auditing, books and records, summarizing and posting records, preparing profit and loss statements, and bank reconciliations." Allen does not state that he or any member of his firm is licensed as an accountant under California state law.

 Treas.Reg. 301.7609–2(a)(1), adopted pursuant to the Secretary's general authority to "prescribe all needful rules and regulations," 26 U.S.C. § 7805(a), deserves "less deference than a regulation issued under a specific grant of authority to define a statutory term or prescribe a method of executing a statutory provision." *United States v. Vogel Fertilizer Co.*, 1981, 455 U.S. 16, 24, 102 S.Ct. 821, 827, 70 L.Ed.2d 792; quoting *Rowan Cos. v. United States*, 1981, 452 U.S. 247, 253, 101 S.Ct. 2288, 2292, 68 L.Ed.2d 814. A treasury regulation is ordinarily valid if found to "implement the Congressional mandate in some reasonable manner." *Rowan Cos.* at 252, 101 S.Ct. at 2292, quoting *United States v. Correll*, 1967, 389 U.S. 299, 307, 88 S.Ct. 445, 449, 19 L.Ed.2d 537. In determining whether the Treasury Regulation is reasonable, relevant considerations include "whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose." *Rowan Cos., supra*, 452 U.S. at 253, 101 S.Ct. at 2292, quoting

*National Muffler Dealers Ass'n v. United States*, 1979, 440 U.S. 472, 477, 99 S.Ct. 1304, 1307, 59 L.Ed.2d 519.

Appellants argue that Congress sought to use the generic meaning of the term "any accountant." They argue that the specific categories listed in Section 7609(a)(3), including "any accountant," must be applied in accordance with the Senate Finance Committee's understanding that "[f]or purposes of these rules, a third party recordkeeper is generally to be a person engaged in making or keeping the records involving transactions of other persons." Senate Report No. 94–938, Senate Finance Committee, 94th Cong., 2d Sess. 369, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3439, 3798. Appellants maintain that a reasonable definition of "any accountant" must include the traditional functions performed by accountants, such as tax preparation, and conclude that Treas.Reg. 301.7609–2(a)(1) improperly narrows the language of Section 7609 to include only a subclass of accountants.

■ We hold that Treas.Reg. 301.7609–2(a)(1) is a reasonable and valid interpretation of Section 7609. Congress, by narrowing the concept of third party recordkeepers in the final draft of the statute to seven categories in § 7609(a)(3), indicated its intent that there be precise limits on the classes of persons who would be considered third party recordkeepers. Treas.Reg. 301.7609–2(a)(1) properly clarifies the term "accountant" in accordance with the Treasury Secretary's authority under Section 7805(a). The licensing requirement of Reg. 301.7609–2(a)(1) reasonably corresponds to the fact that, in California, as well as in most other states, it is unlawful for a person to represent himself to the public as an accountant without first having been licensed as such under state law. *People v. Hill*, 1st Dist., Div. 2, 1977, 66 Cal.App.3d 320, 323–324; 136 Cal.Rptr. 30, 31–32. *See* Cal. Business and Professions Code Sections 5033–34, 5050–58.

Accountants, like attorneys, cannot achieve professional status in California without meeting state licensing standards.

Treas.Reg. 301.7609–2(a)(2) defines the third party recordkeeper category as "any attorney" in Section 7609(a)(3)(E) as a person admitted to the bar of a state. The fact that a person performs some of the functions of an accountant (e.g., tax preparation) does not make that person an accountant if he or she is unlicensed, just as the fact that a person performs some of the functions of an attorney (a bank officer drafts a will; an insurance officer drafts an insurance contract) does not make that person an attorney.

Appellants raise a further claim that Treas.Reg. 301.7609–2(a)(1) is invalid because of its non-uniform application throughout the fifty states. They argue that uniformity of application is required under Article I, Section 8 of the Constitution ("... all Duties, Imposts and Excises shall be uniform throughout the United States") and case law. Tax statutes

> should be interpreted "so as to give a uniform application to a nationwide scheme of taxation" *Burnett v. Harmel*, 287 U.S. 103, 110 [53 S.Ct. 74, 77, 77 L.Ed. 199]. Congress establishes its own criteria and state law may control only when the federal taxing act by express language or necessary implication makes operation dependent upon state law. *Burnett v. Harmel*, supra.

*Lyeth v. Hoey*, 1938, 305 U.S. 188, 194, 59 S.Ct. 155, 158, 83 L.Ed. 119. *See also Hawaiian Freight Forwarders v. Commissioner of Int. Rev.*, 9 Cir., 1952, 196 F.2d 745, 747.

■ Licensing standards and requirements for accountants vary significantly between the states. However, notwithstanding the variety of state licensing schemes, the Regulation's licensing obligation itself has uniform application throughout the United States. Appellants argue that, in four states which have no licensing provisions, Treas.Reg. 301.7609(a)(1) would operate to completely deny notice protection when the IRS seeks records from a taxpayer's accountant. We need not address this question, however, because this

case involves only California, a state that does require licensing of accountants.

■ In formulating the third party recordkeeper categories in Section 7609, Congress sought to balance the taxpayer's right to privacy with the need of the IRS to conduct legitimate and effective investigations. House Rep. No. 94–658, 94th Cong., 2d Sess. 307, *reprinted in* 1976 U.S.Code Cong. & Ad.News 2897, 3203; S.Rep. No. 94–938, 94th Cong., 2d Sess. 368, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3439, 3797. In interpreting § 7609, the Secretary eliminated ambiguities in the term "accountant" which could otherwise be exploited by taxpayers to impede proper tax investigation. Moreover, as the district court points out, "[i]f Congress had intended to include tax return preparers within the scope of § 7609(a)(3) it would have used that phrase or referred to § 7701(a)(36)(A) [defining tax return preparer]." The district court properly applied Treas.Reg. 301.-7609–2(a)(1) to find that Whitfield is not a third party recordkeeper.

### III. *Constitutional Claims.*

■ Appellants' argument that there is a general law notice requirement, independent of the limited statutory requirements of Section 7609, is specifically refuted by the Supreme Court's decision in *SEC v. O'Brien,* 1984, —— U.S. ——, 104 S.Ct. 2720, 81 L.Ed.2d 615. *O'Brien* held that there is no constitutional requirement that a federal administrative agency notify "targets" of nonpublic investigations when the agency issues subpoenas to third parties. Appellants argue that they are entitled to intervene, notwithstanding *O'Brien,* under *Reisman v. Caplin,* 1964, 375 U.S. 440, 445, 84 S.Ct. 508, 511, 11 L.Ed.2d 459, and *Donaldson v. United States,* 1971, 400 U.S. 517, 529, 91 S.Ct. 534, 541, 27 L.Ed.2d 580.

■ In *Reisman,* the Supreme Court indicated that "both parties summoned [under § 7602, Examination of Books and Witnesses] and those affected by a disclosure may appear or intervene before the District Court and challenge the summons by as-

serting their constitutional or other claims." *Reisman, supra,* 375 U.S. at 445, 84 S.Ct. at 511. However, *Donaldson* explicitly held that *Reisman* "does not guarantee intervention for the taxpayer." *Donaldson, supra,* 400 U.S. at 529, 91 S.Ct. at 541. The *Reisman* language "is permissive only and is not mandatory." *Id.; see SEC v. O'Brien, supra,* —— U.S. at ——, n. 19, 104 S.Ct. at 2729, n. 19.

Permissive intervention under Rule 24(b) of the Federal Rules of Civil Procedure is by definition subject to the discretion of the trial judge. *Montgomery v. Rumsfeld,* 9 Cir., 1978, 572 F.2d 250, 255. The circumstances of this case do not warrant a finding of abuse of discretion. We therefore affirm the district court's order dismissing the petition to quash.

### IV. *Discovery Request.*

Appellants sought production of file(s) containing all documents concerning the creation, formulation and promulgation of Treas.Reg. 301.7609–2. They requested a *Vaughn* index to the extent that government objects to producing entire documents. *See Vaughn v. Rosen,* D.C.Cir., 1973, 484 F.2d 820. This discovery request was filed on October 24 and 25, 1983, after four months of litigation.

■ A district court's orders concerning discovery will be overturned only for abuse of discretion. *Munoz-Santana v. INS,* 9 Cir., 1984, 742 F.2d 561, 562. The district court in a summary summons enforcement proceeding has great discretion to restrict or deny discovery; discovery in such a proceeding is the exception rather than the rule. *United States v. Stuckey,* 9 Cir., 1981, 646 F.2d 1369, 1374; *United States v. Church of Scientology,* 9 Cir., 1975, 520 F.2d 818, 824.

■ In denying appellants' request, the district court referred to the "untimely nature of the discovery request" as well as "the established principle that IRS summons proceedings are intended to be summary in nature." *See United States v. Stuckey, supra,* 646 F.2d at 1373–74. The district court did not abuse its discretion.

### V. *Conclusion.*

The district court's order dismissing appellants' petition to quash the IRS summons and its order denying appellants' request for production of documents are AFFIRMED.