**William J. PONSFORD, Jr.,**
**Plaintiff/Appellant,**

v.

**UNITED STATES of America, and Mary C. Romero, Charles Dietz, Robert Hernandez, Thomas McCarthy, Donna Carroll, Agents and/or Officers of the Internal Revenue Service, Defendants/Appellees.**

**No. 85-3538.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 1985 *.

Decided Sept. 18, 1985.

* Oral argument was waived at the request of     Appellant.

William J. Ponsford, Jr., Juneau, Alaska, for plaintiff/appellant.

John P. Griffin, Dept. of Justice, Washington, D.C., for defendants/appellees.

Before: WRIGHT, POOLE, and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Plaintiff-appellant William J. Ponsford challenges the district court's refusal to quash five Internal Revenue Service (IRS) summonses issued under 26 U.S.C. § 7602 [1] in connection with an investigation of Ponsford's failure to file tax returns for the years 1977 through 1982. We affirm.

**BACKGROUND**

On February 28, 1984 summonses were issued to B.M. Behrends Bank (Behrends Bank), and Rhine Stone & Plastering Co. (Rhine Stone) to produce certain documents and records for use in the IRS investiga-

---

1. Subsequent citation to the Internal Revenue Code, Title 26 U.S.C., by section number only.

tion. On March 19, 1984, Ponsford filed a petition to quash these two summonses. The IRS's response to Ponsford's motion to quash explained the IRS's purpose in issuing the Behrends Bank summons, the relevancy of the material sought to the Ponsford investigation, and attested that the IRS had complied with administrative requirements and did not have the materials sought in its possession. The response contained no such information as to the Rhine Stone summons.

On April 23, 1984, while the motion to quash was still pending, summonses were also issued to the National Bank of Alaska, The First National Bank of Anchorage, and the Fedalaska Credit Union (hereinafter the "April 23 summonses"). On June 19, 1984, Ponsford filed a reply to the government's response to the petition to quash which included a request that the district court address the April 23 summonses as part of the action before it.

The district court, without discussion, denied Ponsford's request to consider the April 23 summonses. The district court also denied Ponsford's petition to quash. The district court's order spoke exclusively to the Behrends Bank summons, although Ponsford's petition addressed the Behrends Bank and Rhine Stone summonses. In ruling on the Behrends Bank summons the district court found that the IRS had met its burden of establishing the legitimacy of the investigation and the relationship between the materials sought and the investigation. The district court also noted that Ponsford's assertion that the IRS lacked jurisdiction over him was frivolous. Ponsford filed a timely appeal.

**STANDARD OF REVIEW**

We have previously held that a district court's decision to enforce IRS summonses will not be disturbed unless the district court's finding that the summonses were issued for a proper purpose was clearly erroneous or the district court applied an incorrect legal standard in reaching its conclusion. *United States v. Stuckey,* 646 F.2d 1369, 1373 (9th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653

(1982). *See also United States v. LaSalle National Bank,* 437 U.S. 298, 319 n. 21, 98 S.Ct. 2357, 2368 n. 21, 57 L.Ed.2d 221 (1978); *United States v. Goldman,* 637 F.2d 664, 666 (9th Cir.1980). This court has since revised its approach to standard of review questions. *United States v. McConney,* 728 F.2d 1195 (9th Cir.1984) (en banc), *cert. denied,* — U.S. —, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). Under *McConney* we apply a functional approach to mixed questions of law and fact which "focuses on the nature of the inquiry required when we apply the relevant rule of law to the facts." *Id.* at 1204. If the inquiry is "essentially factual" then concerns of judicial administration and the proximity of the district court to the fact-finding process favor application of the clearly erroneous standard. *Id.* at 1202. On the other hand, if the inquiry focuses on legal concepts and the policies underlying those concepts then the primacy of the appellate court in determining legal questions favors *de novo* review. *Id.*

In determining whether a petition to quash should be granted, the court is guided by the four-part test first enunciated by the Supreme Court in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13 L.Ed.2d 112 (1964). *See La Mura v. United States,* 765 F.2d 974, 977 n. 2 (11th Cir.1985) (substantive law applicable to IRS summons remains the same after 1982 procedural changes); *United States v. Samuels, Kramer and Co.,* 712 F.2d 1342, 1344–45 (9th Cir.1983). Under this test the district court determines: (1) whether the investigation is conducted for a legitimate purpose; (2) whether the material sought is relevant to that purpose; (3) that the IRS is not already in possession of the material sought; and (4) and that the IRS has complied with the applicable administrative requirements. *Powell,* 379 U.S. at 57–58, 85 S.Ct. at 254–55. In *McConney* this court recognized that questions of intent are " 'essentially factual' " in nature. 728 F.2d at 1203 (quoting *Pullman-Standard v. Swint,* 456 U.S. 273, 288, 102 S.Ct. 1781, 1790, 72 L.Ed.2d 66 (1982)).

Similarly, review of the IRS's purpose for conducting an investigation under *Powell* is a predominately factual question. Whether there is a relationship between the material sought and the investigation, and whether the IRS already has the material that it is seeking in its possession are also factual inquiries. We recognize that the relevancy of the material sought and the question of IRS compliance with administrative requirements present some legal and policy concerns, but we do not think that this detracts from our conclusion that the district court's inquiry under *Powell* is predominately factual. *See LaSalle National Bank*, 437 U.S. at 317–18 n. 19, 98 S.Ct. at 2368 n. 19 ("dispositive question" under *Powell* test is whether the IRS "is pursuing the authorized purposes in good faith"). The functional approach of *McConney*, like our previous decisions, dictates that district court enforcement decisions regarding IRS summonses be reviewed under the clearly erroneous standard.

■ The district court's decision not to address the April 23 summonses involved questions of subject matter jurisdiction and statutory interpretation which we review *de novo*. *Clayton v. Republic Airlines, Inc.*, 716 F.2d 729, 730 (9th Cir.1983) (subject matter jurisdiction); *Southeast Alaska Conservation Council, Inc. v. Watson*, 697 F.2d 1305, 1309 (9th Cir.1983) (statutory interpretation).

## DISCUSSION

### I. The Behrends Bank Summons.

■ Applying the *Powell* standard outlined above, the district court found that the Behrends Bank summons was an appropriate exercise of the IRS's summons power under § 7602. This finding is not clearly erroneous.

The IRS submitted affidavits indicating that the Behrends Bank summons was is-sued in compliance with the four *Powell* factors. This is the normal method by which the IRS makes a *prima facie* showing that it has issued the summons in good-faith. *See Samuels, Kramer and Co.*, 712 F.2d at 1344–45. Ponsford's major contention in response to the IRS's *prima facie* showing was his claim that the IRS lacked jurisdiction over him. He presented no evidence to refute the IRS's evidence of compliance with the *Powell* factors. Given the IRS affidavits and the limited response by Ponsford, the district court's enforcement order was not clearly erroneous.

### II. The Rhine Stone Summons.

■ The district court, apparently through oversight, did not discuss the Rhine Stone summons in ruling on the petition to quash.[2] The record before us contains no evidence of the IRS's compliance with the *Powell* factors in issuing the Rhine Stone summons. On appeal the IRS argues that the district court's order can be affirmed because the district court lacked subject matter jurisdiction to review the petition to quash as it related to the Rhine Stone summons. We agree.

An employer is not a third party record-keeper for purposes of § 7609(a)(3). *United States v. Brewer*, 681 F.2d 973, 975 (5th Cir.1982). Moreover, the employment records kept by Rhine Stone are "not the type of records contemplated by 26 U.S.C. § 7609." *United States v. Income Realty and Mortgage, Inc.*, 612 F.2d 1224, 1226 (10th Cir.1979) *cert. denied*, 446 U.S. 952, 100 S.Ct. 2918, 64 L.Ed.2d 809 (1980). Where the taxpayer has no proprietary interest in the records sought, he lacks standing to quash the summons. *Cf. Donaldson v. United States*, 400 U.S. 517, 530–31, 91 S.Ct. 534, 542–43, 27 L.Ed.2d 580 (1971) (permissive intervention in enforcement action); *Income Realty and Mort-*

---

2. In spite of this apparent oversight by the district court we conclude that the district court's order was an "order denying the petition" and therefore appealable to this court as a final order under § 7609(h)(1). The district court's final Judgment and Enforcement Order purports to deny the petition. There is no indication that the district court contemplated any further proceedings regarding the Rhine Stone summons.

 

*gage,* 612 F.2d at 1226 (same).[3] Since the district court lacked jurisdiction to determine the validity of the Rhine Stone summons, its failure to address the summons has no effect on this appeal.

### III. The April 23 Summonses.

■ When an IRS summons is issued to a third party recordkeeper as defined in § 7609(a)(3), the taxpayer, as a person "entitled to notice of a summons" under § 7609(a), has twenty days from the date of notice to bring a proceeding to quash the summons. § 7609(b)(2)(A). Ponsford failed to meet this requirement because he made no attempt to quash the April 23 summonses until his June 19, 1984 motion to address these summonses as part of the pending action.

The IRS argues that the twenty-day filing requirement of § 7609(b)(2)(A) is jurisdictional. We agree. Several district courts have addressed this issue and found the twenty-day limit jurisdictional. *See, e.g., Fogelson v. United States,* 579 F.Supp. 573, 574 (D.Kan.1983); *Grisham v. United States,* 578 F.Supp. 73, 74 (S.D.N.Y. 1983); *Bilodeau v. United States,* 577 F.Supp. 234, 235 (D.N.H.1983); *Riggs v. United States,* 575 F.Supp. 738, 741–42 (N.D.Ill.1983). The essence of these decisions is that the twenty-day limit must be strictly construed because it is a condition precedent to the waiver of sovereign immunity. We agree with the reasoning of these courts to this effect, and conclude that a district court does not have jurisdiction under § 7609(h)(1) where the plaintiff has failed to comply with the twenty-day filing requirement of § 7609(b)(2)(A). Since Ponsford did not attempt to quash the April 23 summonses within the twenty-day period we affirm the district court's

decision not to review the April 23 summonses.

AFFIRMED.

---

**3.** This case is distinguishable from our recent decision in *Wang v. United States,* 757 F.2d 1000 (9th Cir.1985). In *Wang* the records at issue were prepared by the taxpayer and turned over to his tax preparer. *Id.* at 1001–02. We rejected appellants' permissive intervention claim finding no abuse of discretion. *Id.* at 1004. Here,

Ponsford asserted no claim to permissive intervention. Additionally, the records sought are employment records prepared by Rhine Stone. Thus, Ponsford has no proprietary interest and lacks standing to quash the summons against Rhine Stone.