988 F.2d 123
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mortimer Leslie GRANT; Alice M. Grant, Defendants-Appellants.
UNITED STATES of America, Plaintiff-Appellee,
v.
John S. CARTER, Defendant-Appellant.
 Nos. 91-56344, 91-56464.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Feb. 10, 1993.
 
 Appeal from the United State District Court for the Central District of California; Nos. CV-91-4456-JGD thru CV-91-4458-JGD, John G. Davies, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendants Mortimer Leslie Grant and Alice M. Grant ("the Grants") appeal the district court's order enforcing two Internal Revenue Service ("I.R.S.") summons requiring them to produce bookkeeping records, financial statements, and certain business documents. Defendant John S. Carter ("Carter") appeals the district court's order enforcing an I.R.S. summons requiring Carter to produce bookkeeping records, financial statements, and documents relating to business transactions between Carter and Mortimer L. Grant. The I.R.S. sought these materials in connection with its attempts to prepare substitute returns for the Grants, who had failed to file tax returns for a number of years.
 
 
 3
 All three defendants argue that the statutory provisions authorizing the I.R.S. to issue summons do not apply to the individual income tax, and therefore that the I.R.S. lacked authority to issue the summons at issue in this case. Carter also argues that the summons he received was a third-party recordkeeper summons with which he need not comply because he is not a third-party recordkeeper. Additionally, the Grants contend that they are citizens of the state of California, not of the United States. Therefore, the Grants assert, the I.R.S. lacks jurisdiction to require them to produce documents or to pay taxes. We find these arguments without merit and we affirm.
 
 I. Statutory Authority to Issue Summons
 
 4
 The Grants argue that the statutory section cited by the government as authority for issuing the summons in this case, 26 U.S.C. § 7602, only applies to the provisions of Title 27, U.S.C., which the Grants claim deal exclusively with alcohol, tobacco and firearms taxes. Similarly, Carter argues that the I.R.S.'s authority to issue summons only applies to Subtitle E of 26 U.S.C., which concerns alcohol, tobacco and firearms taxes. All three defendants assert that the I.R.S.'s authority to issue summons does not apply to the provisions of Title 26, U.S.C. which deal with the individual income tax. Therefore, they contend that the government lacked the authority to issues the summons at issue in this case.
 
 
 5
 It is clear that 26 U.S.C. § 7602 is not limited in the manner argued by defendants. The wording of the statute gives the I.R.S. broad authority to issue summons in enforcing all types of taxes.[1] See United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir.1991); United States v. Joyce, 498 F.2d 592, 594 (7th Cir.1974).
 
 II. Third Party Summons
 
 6
 Carter argues that the summons he received was a third-party recordkeeper summons issued pursuant to 26 U.S.C. § 7609. Carter asserts that since he is not a third-party recordkeeper, he does not have to comply with the summons. Carter's underlying assertion is incorrect. The summons issued to Carter was not a third-party recordkeeper summons. Carter's summons was issued under 26 U.S.C. § 7602(a), which gives the I.R.S. the authority "to summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax...."
 
 
 7
 Carter asserts that Congress must have intended § 7602 to apply only to third-party recordkeepers as they are defined in § 7609 because otherwise Congress would not have bothered to define who qualifies as a third-party recordkeeper. Section 7602 gives the I.R.S. broad authority to issue summons to third parties and contains no language limiting that authority to § 7609 third-party recordkeepers. When "the statutory language is unambiguous, ... that language must ordinarily be regarded as conclusive.' " United States v. Turkette, 452 U.S. 576, 580 (1981), quoting Consumer Product Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108 (1980).
 
 
 8
 Furthermore, in previous decisions this court has by implication held that the I.R.S. authority to issue summons to third parties under § 7602 is not limited to § 7609 third-party recordkeepers. See Rapp v. Commissioner, 774 F.2d 932, 934 (9th Cir.1985); Chen Chi Wang v. United States, 757 F.2d 1000, 1002-03 (9th Cir.1985). Accordingly, we reject Carter's argument that he does not have to comply with the summons.[2]
 
 III. Jurisdiction Claim
 
 9
 The Grants claim that they are citizens only of the state of California. They assert that they are not citizens of the United States within the meaning of the 14th Amendment or Title 26 of the United States Code. Therefore, the Grants reason, the I.R.S. does not have the jurisdiction to require them to produce documents or to pay federal taxes.
 
 
 10
 We find the Grants' contention that they are not citizens of the United States and, therefore, are not subject to the Internal Revenue Code to be completely frivolous. See Colgate v. Harvey, 296 U.S. 404, 427 (1935) ("while the Fourteenth Amendment does not create a national citizenship, it has the effect of making that citizenship 'paramount and dominant' instead of 'derivative and dependent' upon state citizenship."), overruled on other grounds, Madden v. Kentucky, 309 U.S. 83 (1940), quoted in, Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir.1983); cf. United States v. Studley, 783 F.2d 934, 937 (9th Cir.1986) (rejecting as frivolous defendant's argument "that she is not a 'taxpayer' because she is an absolute, freeborn and natural individual.").
 
 
 11
 The Grants also argue that for federal tax purposes the "United States" only includes federal territories, the District of Columbia and federal enclaves. We have previously rejected this argument as "ha[ving] no semblance of merit." In re Becraft, 885 F.2d 547, 548 n. 2 (9th Cir.1989); see also United States v. Ward, 833 F.2d 1538, 1539 (11th Cir.1987) (argument that the federal government has jurisdiction over only the District of Columbia, federal enclaves, and federal possessions found "utterly without merit"), cert. denied, 485 U.S. 1022 (1988). All United States citizens, irrespective of where they reside in the United States, are subject to the Internal Revenue Code.
 
 IV. Sanctions
 
 12
 The government requests that we impose sanctions against defendants for bringing these appeals. We have the discretion to impose a penalty against a litigant as a sanction for bringing a frivolous appeal. 28 U.S.C. § 1912; Fed.R.App.P. 38. "An appeal is frivolous if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). All three arguments raised by defendants in this case are wholly without merit. Accordingly, we grant the government's request for sanctions in the amount of $1,500 against the Grants and $1,500 against Carter.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Section 7602(a) gives the I.R.S. the authority to summon "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... or collecting any such liability ..." 26 U.S.C. § 7602(a)
 
 
 [2]
 We do not address Carter's contention that the revenue agents lacked the authority to issue the summons because Carter did not raise that argument below. Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 3 (9th Cir.1988). Carter's citation to the Recorded Transcript fails to support his claim that the issue was raised before the district court