996 F.2d 1227
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul ST. PAUL, Plaintiff-Appellant,
v.
UNITED STATES of America; A.J. Brau, Revenue Officer,
Defendants-Appellees.
 No. 92-55556.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1993.*
Decided June 28, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul St. Paul appeals pro se the district court's dismissal of his petition to quash an Internal Revenue Service (IRS) third-party collection summons under 26 U.S.C. § 7609, for lack of subject matter jurisdiction, and denial of his motion for reconsideration. We have jurisdiction under 26 U.S.C. § 1291, and affirm.
 
 
 3
 "Denial of a petition to quash an IRS summons is reviewed under the clearly erroneous standard." Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988).
 
 
 4
 The IRS maintains broad powers to "summon information relevant to determine the liability of any taxpayer." 26 U.S.C. § 7602; Chen Chi Wang v. United States 757 F.2d 1000, 1002 (9th Cir.1985). The IRS may obtain relevant information from the taxpayer or it "may require production from 'any person' holding records 'relating to the business of the person liable for the tax' or 'any other person the secretary or his delegate may deem proper.' " Chen Chi Wang, 757 F.2d at 1002 (quoting 26 U.S.C. § 7602(a)).
 
 
 5
 A district court has jurisdiction to quash a third party summons when the action is brought by a person entitled to notice of the summons as defined by section 7609(a)(3). See id; 26 U.S.C. § 7609(b)(2). A district court lacks jurisdiction to hear a motion to quash, however, when the motion is brought by a party that is not entitled to notice of the third party summons. See Chen Chi Wang, 757 F.2d at 1002; Donaldson v. United States, 400 U.S. 517, 529 (1971). A taxpayer is not entitled to notice of the summons if the summons is issued in aid of collection of assessed taxes. 26 U.S.C. § 7609.
 
 
 6
 Here, the IRS issued a third party summons to the Cenlar Federal Savings Bank in aid of collection of St. Paul's taxes. St. Paul brought a motion to quash the third party summons. The district court found that it lacked subject matter jurisdiction to consider the motion. We agree.
 
 
 7
 St. Paul is not entitled to notice of the third party summons that was issued in aid of the collection of his taxes. See 26 U.S.C. § 7609; Chen Chi Wang, 757 F.2d at 1002. Accordingly, St. Paul cannot bring a motion to quash the third party summons, and the district court did not err by dismissing his motion to quash for lack of subject matter jurisdiction. See Chen Chi Wang, 757 F.2d at 1002.[1]
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We also affirm the district court's denial of St. Paul's motions for reconsideration