9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sue MONROE, Plaintiff-Appellant,
v.
CITY OF KENT, Defendant-Appellee.
 No. 92-36920.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Sue Monroe appeals pro se the district court's summary judgment in favor of the City of Kent in Monroe's 42 U.S.C. § 1983 action alleging violations of her civil rights while she was housed in the City of Kent Correctional Facility. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's summary judgment. Harper v. Wallingford, 877 F.2d 728, 731 (9th Cir.1989). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. If the moving party satisfies this burden, the opponent must set forth specific facts showing that there remains a genuine issue for trial." Harper, 877 F.2d at 731 (citation omitted).
 
 
 4
 Monroe was convicted by jury of 22 counts of bank fraud, money laundering and uttering false securities. From the time of her arrest through sentencing, Monroe was housed in the Kent Correctional Facility, which provides housing for federal prisoners pursuant to an inter-governmental agreement. During this time, Monroe contends the City violated her civil rights through deliberate indifference to her medical needs and interference with the preparation of her criminal defense.
 
 
 5
 As a preliminary matter, we find that the district court did not abuse its discretion by denying Monroe's motion to substitute two individuals for two of the John Doe defendants listed in the caption of her complaint. The decision to allow a plaintiff to add defendants rests with the sound discretion of the trial court. See Desert Empire Bank v. Insurance Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir.1980). Monroe filed her ex parte motion to substitute the two individuals one month after the discovery deadline and three days after the cutoff date for filing dispositive motions. The district court had twice previously extended the discovery deadline. Moreover, the City had already filed its motion for summary judgment and Monroe her opposition to the motion.[1] Under the circumstances here, we cannot say that the district court abused its discretion by denying as untimely Monroe's motion to substitute the individual defendants.
 
 
 6
 In any event, to the extent Monroe referred to particular individuals in her opposition to the City's motion for summary judgment, she failed to offer any evidence to contradict the facts asserted in the affidavits attached to the City's motion for summary judgment. Accordingly, she has failed to raise a triable issue as to any of her claims. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (unsubstantiated, conclusory allegations will not survive a motion for summary judgment).
 
 
 7
 As for the one named defendant, Monroe's complaint and opposition to the City's motion for summary judgment fail to state any facts indicating that the City itself caused or participated in causing the alleged constitutional deprivations. See Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.1981) (discussing causation requirement of sections 1983 and 1985). The City cannot be held liable under section 1983 solely on the basis of supervisory responsibility or position, see Monell v. Dept. of Social Servs., 436 U.S. 658, 694 n. 58 (1978), and a resondeat superior theory is an insufficient basis for a section 1983 claim, see Padway v. Palches, 665 F.2d 965, 968 (9th Cir.1982). Because the record is devoid of any issue of material fact relating to the City's participation in or sanctioning of any deprivation of Monroe's constitutional rights, the district court's summary judgment in favor of the City was appropriate.[2]
 
 
 8
 Finally, the district court did not abuse its discretion by denying Monroe's habeas petition without prejudice on the ground she was no longer housed at the Kent facility at the time she filed the petition. See Hassain v. Johnson, 790 F.2d 1420, 1420 (9th Cir.1986) (per curiam) (dismissal proper where petition not filed in state where petitioner was confined), cert. denied, 479 U.S. 1038 (1987).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court had dismissed the United States as a defendant to this action pursuant to 28 U.S.C. § 1915(d) prior to ordering that the complaint be served on the City
 
 
 [2]
 We find that the district court did not abuse its discretion in denying Monroe's untimely motion for production of documents, her motion for reconsideration of the denial of appointment of counsel or her motion for a change of venue or recusal based on the magistrate judge's involvement in her criminal proceedings. See generally Chen Chi Wang v. United States, 757 F.2d 1000, 1004 (9th Cir.1985) (denial of untimely discovery request not abuse of discretion); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986) (only in exceptional circumstances may district court appoint counsel pursuant to section 1915(d)); Thomassen v. United States, 835 F.2d 727, 732 (9th Cir.1987) (party must show extrajudicial bias or prejudice when seeking disqualification of district court judge); Allen v. Scribner, 812 F.2d 426, 436-37 (9th Cir.1987) (venue)