896 F.Supp. 1004 (1995)
Marlin HILL, Petitioner,
v.
Agent Cheryl MOSBY, Agent for IRS, West One Bank, et al., Respondents.
No. MS 4321.
United States District Court, D. Idaho.
May 2, 1995.
*1005 Marlin A. Hill, Rexburg, ID, pro se.
Betty H. Richardson, United States Attorney, Boise, ID, Richard R. Ward, Trial Attorney, Tax Div., U.S. Dept. of Justice, Washington, DC, for respondents.

ORDER
LODGE, Chief Judge.
Pending before the court in the above-encaptioned matter is petitioner Marlin Hill's motion to quash IRS third-party summonses and for injunctive relief (Dkt. No. 1), and respondent government's motion to dismiss that petition (Dkt. No. 2). For the reasons explained below, the respondent's motion is granted, and the petitioner's petition is dismissed in its entirety.
The summonses at issue and the declaration of revenue Agent Cheryl Mosby establish that on November 8, 1995, Mosby properly served the summoned partiesthe Beehive Federal Credit Union and West One Bank. On November 9, 1994, Mosby gave petitioner notice, by certified mail, that the summonses had been served. Pursuant to 26 U.S.C. § 7609(b)(2), the petitioner had twenty (20) days from the date of notice, or until November 29, 1994,[1] to bring the instant action. However, the petitioner did not file this action until December 6, 1994, more than twenty days after he was given notice, and is therefore untimely. Because the motion to quash was untimely, this court lacks jurisdiction over the matter. Ponsford v. United States, 771 F.2d 1305, 1309 (9th Cir.1985) ("a district court does not have jurisdiction under § 7609(h)(1) where the plaintiff has filed to comply with the twenty-day filing requirement of § 7609(b)(2)(A).") The petitioner's motion to quash the summonses, therefore, must be dismissed. Id.
With respect to the petitioner's request for injunctive relief, the court notes that such relief is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), which provides that, except under certain enumerated circumstances, "no suit for the purposes of restraining the assessment or collection of any tax shall be maintained in any court by any person." The broad statutory prohibition applies not only to the assessment and collection of the tax itself, but also to activities intended to, or which may culminate in, the assessment or collection of taxes. Linn v. Chivatero, 714 F.2d 1278, 1282, 1286-87 (5th Cir.1983); Blech v. United States, 595 F.2d 462 (9th Cir.1979).
Having reviewed the entire record herein, the court concludes that the petitioner's action to enjoin the assessment activities of the IRS clearly falls within Section 7421(a) of the Anti-Injunction Act. Furthermore, the petitioner has failed to demonstrate that his action comes within the purview of any judicially-created exception to the Act. Accordingly, the equity jurisdiction sought to be invoked does not exist. The petitioner's request for injunctive relief, therefore, must be denied.
Based on the foregoing,
*1006 IT IS HEREBY ORDERED that the respondent's motion to dismiss is GRANTED, and the petitioner's petitioner is DISMISSED in its entirety.
NOTES
[1] The twenty-day period runs from the date that the notice is mailed to the taxpayer, not the date that notice is received by the taxpayer. See Stringer v. United States, 776 F.2d 274, 265-76 (11th Cir.1985).