**Gary L. DOYLE, Plaintiff,**

v.

**Robert RUBIN, Secretary of the Treasury; Margaret Milner Richardson, Commissioner; Debra Decker, Regional Director; Jesse A. Cota, District Director; M. Dempsey, Ray Wiggins, Mike Klein, Revenue Officers, all of the above individually and in their corporate capacity, Defendants.**

**No. ED CV 96–0388–RT.**

United States District Court, C.D. California, Eastern Division.

May 20, 1997.

Gary L. Doyle, Blythe, CA, In Propria Persona.

Nora M. Manella, U.S. Atty., Edward M. Robbins, Jr., Asst. U.S. Atty., Chief, Tax Div., Los Angeles, CA, for Defendants.

## ORDER DISMISSING WITHOUT LEAVE TO AMEND PLAINTIFF'S SECOND AMENDED COMPLAINT

TIMLIN, District Judge.

Defendants Robert Rubin's, Margaret Miner Richardson's, Debra Decker's, Jesse Cota's, M. Dempsey's, Ray Wiggins', and Mike Klein's (collectively federal defendants') motion to dismiss plaintiff Gary L. Doyle's (plaintiff's) second amended complaint was submitted for decision. The court, the Honorable Robert J. Timlin, has read and considered the moving papers, plaintiffs response, and the second amended complaint. Based on such consideration, the court concludes as follows:

Plaintiff's original complaint sought injunctive relief against individual federal officials and employees designed to (1) effect the return of property taken from plaintiff as the result of his alleged tax liability and (2) prevent the federal defendants from contacting plaintiff or his employer when attempting to collect other monies owed by plaintiff as a result of such alleged tax liability.

This court dismissed the original complaint with leave to amend on the ground that, because the complaint sought injunctive relief against the United States, the action was barred by the Anti–Injunction Act (the Act), 26 U.S.C. section 7421, plaintiff having failed to plead any statutory or judicial exception to the operation of such Act,[1] and this court

---

1. The court deems it unnecessary to address the government's contentions that plaintiff has failed to allege sufficient facts to assert a claim against the federal defendants as individuals because as-

lacked subject matter jurisdiction. *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 757–758, 94 S.Ct. 2053, 2056–2057, 40 L.Ed.2d 518 (1974); *Elias v. Connett*, 908 F.2d 521, 523 (9th Cir.1990).

Plaintiff's first amended complaint alleged that the federal defendants used the color of their offices to procure his private property without due process of law, and that therefore his complaint is not one against the United States. It further alleged that defendants are operating outside the scope of their statutory offices and denying plaintiff his natural rights to due process, privacy and the pursuit of happiness, and that therefore the Anti–Injunction Act does not bar his complaint. The first amended complaint, however, also alleged that the federal defendants were acting not only under the color of their office, but under the "color of the tax revenue laws of the United States," and that they had failed to perform the functions of their respective offices. The gravamen of the first amended complaint seemed to be that the federal defendants had not told plaintiff in what "taxable activity" he is engaged, nor had they provided him with information related to the statute or implementing regulation related to his taxable activity. The first amended complaint contained no prayer for relief, only a conclusion that defendants cannot claim immunity, are liable for their actions, and that the Anti–Injunction Act does not bar the action. Plaintiff asserted that jurisdiction was proper pursuant to 28 U.S.C. section 1341.

This court granted the federal defendants motion to dismiss the first amended complaint on the ground of lack of jurisdiction, concluding that 28 U.S.C. section 1341, under which section plaintiff claimed this court had federal jurisdiction, prohibits federal courts from enjoining the assessment, levy or collection of state taxes, and does not give district courts jurisdiction over claims such as plaintiff's.

Because plaintiff might have been able to amend his complaint to state a claim for relief, he was given 20 days' leave to amend, but the court noted that even if the first amended complaint had alleged some other basis for jurisdiction, the first amended complaint still failed to state a claim for relief.

Plaintiff's second amended complaint now alleges jurisdiction is proper under Article III, sections 1 and 2 of the United States Constitution. However, the second amended complaint still seeks injunctive relief against the United States. (Second Amended Complaint, page 5.) Although this request for relief does not clearly seek to enjoin the collection of taxes (plaintiff seeks "an injunction prohibiting the defendants from breaching their legal duty to perform the functions of their offices within the restrictions of the Constitution and further operating against [plaintiff], and for the defendants to return the private property taken from [the plaintiff], and to enter sanctions against the defendants for the legal fees incurred by [plaintiff] in bringing this action to protect his private property"), when complaint is read as a whole it is clear that the relief plaintiff seeks would require this court to issue injunctive relief against activities intended to, or which could culminate in, assessment or collection of taxes, something barred by the Anti–Injunction Act, 26 U.S.C. section 7421 (the Act). *See, e.g., Hill v. Mosby*, 896 F.Supp. 1004, 1005 (D.Idaho); *Hecht v. U.S.*, 609 F.Supp. 264, 267 (S.D.N.Y.1985). As before, plaintiff has failed to plead any statutory or judicial exception to the operation of the Act, Article III, sections 1 and 2 being no exception to the Act's operation.

Plaintiff having been unable to state a claim after three attempts, and there being no indication that he might be able to do so if given further leave to amend,

IT IS ORDERED THAT plaintiff Gary L. Doyle's second amended complaint IS DISMISSED WITHOUT LEAVE TO AMEND.

suming sufficient facts had been alleged, injunctive relief against them as persons executing, administering, and enforcing the federal tax law is barred by the Act. For the purpose of this ruling the court construes this action to be against the United States. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985).