145 F.3d 1336
 81 A.F.T.R.2d 98-2217, 98-1 USTC P 50,463
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James CASSITY, Plaintiff-Appellant,
v.
GREAT WESTERN BANK; United States of America, Defendants-Appellees.
 No. 96-55598.
D.C. No. CV-94-08032-RSWL.
 United States Court of Appeals, Ninth Circuit.
 Submitted February 4, 1998.**
Decided May 21, 1998.
 
 Appeal from the United States District Court for the Central District of California, Ronald S.W. Lew, District Judge, Presiding.
 Before CHOY, SNEED, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 James Cassity ("Cassity") appeals pro se the district court's judgment in favor of defendant United States ("IRS") in Cassity's action for a refund of income taxes under 26 U.S.C. § 7422, and for damages for unauthorized disclosure of tax return information under 26 U.S.C. § 7431. Cassity does not appeal the judgment in favor of co-defendant Great Western Bank.
 
 
 3
 Cassity contends that the statute of limitation did not bar his refund claim. He further contends that the IRS issued third-party summonses for an invalid purpose, thereby improperly disclosing his tax return information. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 I.
 
 4
 Cassity contends that Great Western's remittances to the IRS constituted "deposits," rather than "payments," of taxes because the IRS failed to issue timely tax assessments. He reasons that, because a deposit does not trigger running of the statute of limitation period, the district court erred by dismissing his refund claim. This contention lacks merit.
 
 
 5
 The limitation period for filing a refund claim requires filing "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such expires the later." 26 U.S.C. § 6511(a). Cassity filed tax returns for the 1983 and 1989 tax years on April 15, 1984, and April 15, 1990, respectively. The IRS issued a tax levy against Cassity's funds at Great Western, and the levy was satisfied in November, 1990, and January, 1991. Cassity filed his refund claim on October 30, 1993 - over 6 months too late.
 
 
 6
 Cassity's contention that the limitation period never was triggered because the remittances by Great Western were deposits fails because the levy was collected to discharge a tax liability, and thus the remittances constituted payments. See Qureshi v. United States Internal Revenue Service, 75 F.3d 494, 496-97 (9th Cir.1995) ("A remittance or amount collected is recognized as a 'payment' to the IRS when it discharges a definite obligation.") (citations omitted). Moreover, a formal assessment is not a prerequisite to tax liability in determining whether a remittance is a payment or a deposit. See Zeier v. United States Internal Revenue Service, 80 F.3d 1360, 1364 (9th Cir.1996) (citations omitted) (rejecting argument that there can be no payment of tax before IRS makes formal assessment); see also Ehle v. United States, 720 F.2d 1096, 1097 (9th Cir.1983) (affirming dismissal of tax refund suit based on statute of limitation because a remittance without an assessment constituted a tax payment, not a deposit). Additionally, Cassity erroneously relies on Cohen v. United States, 995 F.2d 205 (Fed.Cir.1993). The remittances in Cohen were held to be deposits because the taxpayers had at all times protested the tax deficiencies and remitted the funds specifically noting that they intended to claim a refund (and the record here lacks similar evidence). See id. at 206.
 
 
 7
 In any event, the IRS submitted duly-authenticated "Certificates of Assessments and Payments" ("Certificates") which substantiated timely assessment dates of June 11, 1984, February 12, 1990, and May 28, 1990. See Hughes v. United States, 953 F.2d 531, 535 (9th Cir.1992) (Certificates are presumptive proof of valid assessments). The absence of "23C" dates is irrelevant because the Certificates contained the actual assessment dates. See Huff v. United States, 10 F.3d 1440, 1446 (9th Cir.1993) (holding that IRS could not rely on Certificates which lacked "23C" dates and did not otherwise indicate actual assessment dates).
 
 II.
 
 8
 Cassity contends he is entitled to damages because the IRS sought information in third-party summonses that was "otherwise reasonably available" to the agency. This contention, too, lacks merit.
 
 
 9
 Under 26 U.S.C. § 6103, income tax returns and taxpayer information are confidential. See Maisano v. United States, 908 F.2d 408, 410 (9th Cir.1990). However, the IRS may disclose taxpayer information necessary to the investigation of taxpayer liability. See id. In particular, disclosure of return information is permitted "to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available, with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title." 26 U.S.C. § 6103(k)(6).
 
 
 10
 The third-party summonses at issue sought financial information relating to the IRS's ongoing investigation of Cassity's income tax liabilities for the 1990, 1991, and 1992 tax years. Despite that fact that some of the summonses sought IRS forms 1099 and W-2--information which may have been in the IRS's possession--it was undisputed that the summonses also sought other financial information which was not in the possession of the IRS and was not reasonably available to it. Cassity failed to establish a genuine issue of material fact regarding whether the third-party summonses were issued improperly. See id. at 410-11.
 
 
 11
 Cassity argues also that the third-party summonses were improper because the IRS lacked probable cause to conduct investigations into his tax liability. However, the IRS's authority to investigate does not hinge upon probable cause. See United States v. Powell, 379 U.S. 48, 51, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); United States v. Theep, 502 F.2d 797, 798 (9th Cir.1974).
 
 
 12
 Finally, contrary to Cassity's argument, the tax code does not require the IRS to request information from the taxpayer before seeking that information from third-parties. See 26 U.S.C. § 7609; see also Chen Chi Wang v. United States, 757 F.2d 1000, 1004 (9th Cir.1985).
 
 
 13
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3