**CONKLIN BROTHERS OF SANTA ROSA, INC., Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 91–16118.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1992.

Decided Feb. 22, 1993.

George Mac Vogelei, Corte Madera, CA, for plaintiff-appellant.

Sara S. Holderness, Dept. of Justice, Washington, DC, for defendant-appellee.

Before: TANG, PREGERSON and ALARCON, Circuit Judges.

TANG, Circuit Judge:

Conklin Brothers of Santa Rosa, Inc. ("Conklin") failed timely to file, pay, and deposit employment taxes. The Internal Revenue Service ("IRS") assessed a $40,-262.89 penalty. Conklin paid the penalty and sought a refund from the IRS. The IRS denied Conklin's refund request, and Conklin filed suit in the district court. The district court granted the Government's motion for summary judgment. On appeal, Conklin argues that the district court improperly applied a strict liability standard. Conklin further argues that the district court erred in granting summary judgment because there are material issues of fact in dispute. We affirm.

## BACKGROUND

Conklin is a California corporation engaged in the floor covering business. Conklin hired Diana Stornetta ("Stornetta") as an accounts payable clerk, and her work was closely supervised and reviewed by Pisenti & Brinker ("Pisenti"), Conklin's outside accountants. One year later, Stornetta was promoted to office manager/controller.

As controller, Stornetta was in charge of Conklin's employment tax obligations: she prepared and filed the quarterly employment tax returns, paid the employment taxes, and made the employment tax deposits. She was also in charge of Conklin's general

ledger and bank accounts. Although Gary Bowers ("Bowers"), Conklin's president and majority shareholder, and Pisenti determined that close supervision and review of Stornetta's payroll tax related duties were no longer necessary, Stornetta reported periodically to Bowers and was required to give monthly statements to Pisenti. Stornetta also contacted Pisenti about once a month regarding accounting or tax questions and at year end gave Pisenti tax data and explanations regarding Conklin's account balances.

Conklin had an established payroll tax procedure. In preparing payroll checks, a data processing company would first determine the amount to be withheld for payroll taxes. A Conklin payroll clerk would then review the calculations, prepare a check for the taxes due, and submit the check and the supporting data to Stornetta for her review. After reviewing the payroll clerk's work, Stornetta would submit the check to Bowers for his signature. Stornetta did not have independent authority to sign company checks, but when Bowers was absent, Stornetta and Conklin's corporate secretary could jointly authorize and issue a company check. The assignment of payroll duties to both the payroll clerk and Stornetta was an internal control designed to prevent inaccuracies in payroll related activities.

Although Conklin had sufficient funds to make payments and deposits, Stornetta failed timely to make Conklin's payroll deposits and payments.[1] She also failed timely to file Conklin's return for the quarter ending March 1986.[2] As a result, the IRS notified Conklin by mail that it was being assessed late penalty fees. However, neither Conklin's officers nor its accountants were aware of the assessments because Stornetta allegedly intercepted and screened the mail. Additionally, Stornetta

allegedly altered check descriptions and the quarterly reports (Form 941) when she later paid these assessments. The alterations made it appear that the tax payments were solely for the current period. Stornetta also allegedly concealed the deficiencies by undertaking the performance herself of all payroll functions. Purportedly, she did this by telling payroll clerks not to prepare the tax deposit checks anymore and that she would take care of it.

This conduct went on for over two years until Stornetta resigned unexpectedly. Thereafter, Bowers became aware for the first time of the penalty assessments when Revenue Agent James Mason questioned him about unpaid taxes. Conklin paid the $40,262.89 penalty assessed and sought a refund from the IRS. The IRS denied the refund request. Conklin brought suit in district court. The district court granted the Government's motion for summary judgment. Conklin timely appeals.

## STANDARD OF REVIEW

■ A grant of summary judgment is reviewed de novo. *Carpenter v. Universal Star Shipping, S.A.,* 924 F.2d 1539, 1542 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 413, 121 L.Ed.2d 337 (1992). Under Fed.R.Civ.P. 56(c), a motion for summary judgment will be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

## DISCUSSION

In granting the Government's motion for summary judgment, the district court ruled that there was no genuine disputed issue of material fact regarding reasonable cause. We agree and affirm on this basis.

Conklin argues that the district court erred in granting the Government's motion

---

1. Under I.R.C. §§ 3102(a) and 3402(a), an employer is required to deduct and withhold social security and income taxes from its employees' wages. The withheld taxes must be placed in a special trust fund for the benefit of the United States. I.R.C. § 7501(a). The withheld taxes must be deposited in an approved bank at various intervals during a calendar quarter depend-

ing on how much is withheld. I.R.C. § 6302(c), (g).

2. The withheld taxes must be reported on the employer's payroll tax return, Form 941, and the payroll taxes are due every calendar quarter. I.R.C. § 6011(a); 26 C.F.R. §§ 31.6011(a)–1, 31.-6011(a)–4(a)(1), 31.6071(a)–1(a).

for summary judgment because the issue of whether Conklin had reasonable cause for its failure timely to file, pay, and deposit employment taxes is a disputed issue of material fact that should be determined at trial.

■ Conklin's argument that "reasonable cause" is a question of fact to be determined at trial is not entirely correct. What elements constitute reasonable cause is a question of law; whether those elements are present is a question of fact. *United States v. Boyle*, 469 U.S. 241, 249 n. 8, 105 S.Ct. 687, 691 n. 8, 83 L.Ed.2d 622 (1985); *Church of Scientology v. Commissioner*, 823 F.2d 1310, 1321 (9th Cir.1987), *cert. denied*, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988).

### A.

Under I.R.C. §§ 6651(a) and 6656(a), a taxpayer failing to timely file, pay, and deposit employment taxes shall be assessed a penalty, *"unless it is shown that such failure[s] [are] due to reasonable cause and not due to willful neglect."*[3] *(Emphasis added). Although it is not clear from the statute what constitutes "reasonable cause," the IRS has provided some guidance in the form of a Treasury Regulation:*

> If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to reasonable cause. A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability....

26 C.F.R. § 301.6651–1(c)(1).

Conklin contends that it exercised ordinary business care and prudence in promoting Stornetta to the position of office manager/controller, because prior to her promotion, Stornetta was interviewed and found qualified for the position by outside accountants. Conklin further contends that it exercised ordinary business care and prudence in supervising and reviewing Stornetta's work. Conklin, therefore, argues that the misfeasances of Stornetta constitute reasonable cause under the circumstances to avoid assessment of the penalty. However, assuming arguendo that Conklin's promotion and management of Stornetta were an exercise of ordinary business care and prudence, that nevertheless does not answer the question we face here. Although Conklin reasonably assumed that its employee would comply with the statutes, that is a matter between them and does not resolve the matter regarding Conklin's tax obligations. *See Boyle*, 469 U.S. at 250, 105 S.Ct. at 692. Congress has charged Conklin with an unambiguous duty to file, pay, and deposit employment taxes, and Conklin cannot avoid responsibility by simply relying on its agent to comply with the statutes. *See Id.*

In other words, Treas.Reg. § 301.6651–1(c)(1) is viewed very narrowly because Congress has charged the taxpayer with an unambiguous, precisely defined duty to "ascertain ... statutory deadline[s] and then to meet [those] deadline[s]." *Id.* at 249–50, 105 S.Ct. at 691–92. In *Boyle*, the Court found that "[p]rompt payment of taxes is imperative to the Government, which should not have to assume the burden of unnecessary ad hoc determinations." *Id.* at 249, 105 S.Ct. at 691. Therefore, the "Court established a bright line rule that reliance on an agent to file a timely return when the due date of return was ascertainable by the taxpayer does not constitute reasonable cause excusing the taxpayer from statutory penalties for late filing."

**3.** Section § 6651(a) of the Internal Revenue Code uses the term "taxpayer" generally. It does not limit "taxpayer" to non-corporate taxpayers. This court also has not limited § 6651(a)'s exception to non-corporate taxpayers. *See Church of Scientology v. Commissioner*, 823 F.2d 1310, 1322 (9th Cir.1987) (an incorporated church was properly penalized under § 6651(a)). Also, I.R.C. § 6656(a) explicitly applies to "any person" who makes untimely deposits of taxes, and under I.R.C. § 7701(a)(1), the term "person" includes a corporation. Thus, Congress probably intended the "reasonable cause" exception to apply to both corporate and non-corporate taxpayers.

*In re Am. Biomaterials Corp.*, 954 F.2d 919, 923 (3d Cir.1992).

However, the Court "expressly distinguished the question of the taxpayer's misplaced reliance on an agent to perform a known duty from the question of the taxpayer's disability." *Id.* That is, the Court in *Boyle* noted:

> The administrative regulations and practices exempt late filings from the penalty when the tardiness results from postal delays, illness, and other factors largely beyond the taxpayer's control.... This principle might well cover a filing default by a taxpayer who relied on an attorney or accountant because the taxpayer was, for some reason, incapable by objective standards of meeting the criteria of "ordinary business care and prudence." In that situation, however, the disability alone could well be an acceptable excuse for a late filing.
>
> But this case does not involve the effect of taxpayer's *disability;* it involves the effect of a taxpayer's *reliance* on an agent employed by the taxpayer, and our holding necessarily is limited to that issue rather than the wide range of issues that might arise in future cases under the statute and regulations.

469 U.S. at 248 n. 6, 105 S.Ct. at 691 n. 6.[4]

### B.

■ Conklin argues that Stornetta's intentional misconduct disabled it from adhering timely to its tax obligation, and therefore, it is entitled to relief from the late penalties.

A corporation acts only through its agents and employees, and it is clear after *Boyle* that it cannot *rely* upon those agents or employees, acting within their scope of authority, to escape responsibility for the nonperformance of nondelegable tax duties. A corporation, however, may establish reasonable cause and avoid late pen-

alty fees under I.R.C. §§ 6651(a) and 6656(a) if it can show that it was *disabled* from complying timely. *See Boyle*, 469 U.S. at 248 n. 6, 105 S.Ct. at 691 n. 6.

Although the Supreme Court has not determined under what circumstances a taxpayer is considered disabled, the Third Circuit has recently confronted a situation where it found that a taxpayer was relieved from the late penalty because it was unable to comply timely with its tax duties. *Biomaterials*, 954 F.2d at 920–21.

In *Biomaterials*, Biomaterials' chief executive officer ("CEO")[5] and chief financial officer ("CFO"), the sole people in charge of filing and paying the taxes, embezzled funds from Biomaterials. 954 F.2d at 921. Because the embezzlement of the sole people in charge "incapacitated the corporation" and rendered Biomaterials unable to comply with the tax laws, the district court found and the Third Circuit affirmed that Biomaterials' failure to file, deposit, and pay timely its employment taxes was excused for reasonable cause and a lack of willful neglect excused. *Id.* at 921, 928.

Here, unlike in *Biomaterials*, Stornetta's deficient and improper conduct was not largely beyond Conklin's control. In *Biomaterials*, the criminal conduct committed by corporate officers and the Chairman of the Board of Directors was beyond the corporation's control because they were the control people in the corporate structure. Supervision over such control people was not possible. In this instance, Conklin had control over Stornetta. She was a manager/controller whose actions were subject to being supervised by Bowers, Conklin's president and majority shareholder, and by Conklin's outside accountants, Pisenti & Brinker. A decision was made that close supervision and review of Stornetta's payroll tax related duties was no longer necessary. Although that decision may have been reasonable, the decision was a corporate mat-

---

**4.** The Court also noted that the "bright line" might not cover a situation where "a taxpayer has relied on the erroneous advice of counsel concerning a question of law." *United States v. Boyle*, 469 U.S. 241, 250, 105 S.Ct. 687, 692, 83 L.Ed.2d 622 (1985). In such situation, taxpayer's "reliance on the opinion of a tax advisor

may constitute reasonable cause for failure to file a return." *Id.* However, we are not presented with such a situation.

**5.** The CEO also happened to be American's Chairman of the Board of Directors.

ter and it does not resolve the matter as to Conklin's tax duties. Thus, we find that under the circumstances Conklin was not disabled in complying timely with its tax obligations.

Because Conklin was not disabled and cannot rely on its employee or agent to escape responsibility for the nonperformance of nondelegable tax duties, there are no disputed issues of material fact whether Conklin had reasonable cause to avoid the late penalty fees under I.R.C. §§ 6651(a) and 6656(a). Therefore, the district court did not err in granting summary judgment in favor of the Government.

AFFIRMED.