995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John HANSEN, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-56363.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 4, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Hansen appeals pro se the district court's summary judgment in favor of the United States in Hansen's suit for refund of penalties and interest assessed against him by the Internal Revenue Service ("IRS"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Conklin Bros. of Santa Rosa, Inc. v. United States, 986 F.2d 315, 316 (9th Cir.1993), and affirm.
 
 
 3
 The IRS assessed a penalty against Hansen pursuant to 26 U.S.C. § 6656 for making his employment tax payments directly to the IRS Service Center in Fresno, California rather than depositing his payments with an authorized government depositary.[1] The Secretary of the Treasury ("Secretary") requires that employment tax payments be deposited with government depositaries under 26 U.S.C. § 6302(c) and Treasury Regulation § 31.6302(c)-1(a)(1)(i)(a ) ("Regulation").
 
 
 4
 * Hansen contends the Secretary exceeded his authority by promulgating the Regulation and, therefore, the Regulation is invalid. This contention lacks merit.
 
 
 5
 In pertinent part, section 6151(a) of the Internal Revenue Code provides:
 
 
 6
 [W]hen a return of tax is required under this title or regulations, the person required to make such return shall ... pay such tax to the internal revenue service officer with whom the return is filed, and shall pay such tax at the time and place fixed for filing the return.
 
 
 7
 26 U.S.C. § 6151(a). Section 6151(b) sets forth exceptions to this rule. Section 6151(b)(2) provides: "For authority of the Secretary to require payments to Government depositaries, see section 6302(c)." Id. § 6151(b)(2). Section 6302(c) provides:
 
 
 8
 The Secretary may authorize Federal Reserve banks, and incorporated banks, trust companies, domestic building and loan associations, or credit unions which are depositaries or financial agents of the United States, to receive any tax imposed under the internal revenue laws, in such manner, at such times, and under such conditions as he may prescribe.
 
 
 9
 Id. § 6302(c). In pertinent part, the Regulation provides:
 
 
 10
 [I]f at the close of any calendar month the aggregate amount of undeposited taxes ... is $500 or more, the employer shall deposit the undeposited taxes in a Federal Reserve bank or authorized financial institution.
 
 
 11
 26 C.F.R. § 31.6302(c)-1(a)(1)(i)(a ).
 
 
 12
 Hansen argues the Regulation is invalid because it contradicts section 6151(a). He argues section 6151(a) says the taxpayer "shall" deposit his taxes at the time and place fixed for filing the return and therefore requires him to make his employment tax payments to an IRS service center. In the Regulation, Hansen argues, the Secretary also uses the word "shall", and therefore illegally requires him to deposit his taxes in a place different than that mandated by Congress in section 6151(a).
 
 
 13
 A Treasury Regulation is valid if it "implement[s] the congressional mandate in some reasonable manner." Chen Chi Wang v. United States, 757 F.2d 1000, 1002 (9th Cir.1985) (quotations omitted). To determine whether a given regulation is reasonable we may consider "whether the regulation harmonizes with the plain language of the statute, its origin, and its purpose." Id. (quotations omitted). A regulation is entitled to deference when it is promulgated "under a specific grant of authority to ... prescribe a method of executing a statutory provision." Id. (quotations omitted).
 
 
 14
 Here, Congress specifically granted the Secretary authority to authorize government depositaries to receive tax payments. See 26 U.S.C. § 6302(c). The Regulation was promulgated pursuant to that authority and is therefore entitled to our deference. See Chen Chi Wang, 757 F.2d at 1002.
 
 
 15
 Section 6302(c) does not explicitly state that the Secretary may require that employment tax payments be deposited with government depositaries, but the statute provides that the Secretary may prescribe the conditions under which government depositaries may receive such payments. See 26 U.S.C. § 6302(c). Moreover, while the cross-reference to section 6302(c) in section 6151(b)(2) may be of no legal effect, see id. § 7806(a), section 6151(b)(2) itself is an exception to the general rule of section 6151(a). See id. § 6151(b). Section 6151(b)(2) suggests Congress contemplated that the Secretary might require that tax payments be made at places other than IRS service centers. See id. § 6151(b)(2). We therefore conclude that the Secretary did not overstep his bounds by promulgating the Regulation and requiring that employment tax payments be deposited in an authorized government depositary. See Conklin Bros., 986 F.2d at 316 n. 1 (stating that withheld employment taxes "must be deposited in an approved bank at various intervals during a calendar quarter depending on how much is withheld" (emphasis added)).
 
 II
 
 16
 Hansen also contends he should not have been assessed a penalty under section 6656(a) because he had reasonable cause for failing to deposit his employment tax payments with an authorized government depositary. This contention lacks merit.
 
 
 17
 In pertinent part, section 6656(a) provides:
 
 
 18
 In the case of any failure by any person to deposit (as required by this title or by regulations of the Secretary under this title) on the date prescribed therefor any amount of tax imposed by this title in such government depositary as is authorized under section 6302(c) to receive such deposit, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be imposed upon such person a penalty equal to the applicable percentage of the amount of the underpayment.
 
 
 19
 26 U.S.C. § 6656(a); see Conklin Bros., 986 F.2d at 317 (taxpayer who fails to file, pay, and deposit employment taxes in timely manner shall be penalized).
 
 
 20
 Hansen argues he had reasonable cause because he relied on a letter dated December 19, 1988 from the IRS advising Hansen that he could make direct payments to the IRS "without fear of penalty at [that] point in time." The letter also advised Hansen that a new ruling would be issued in 1989 that could change the deposit requirements. It is undisputed that the IRS has never issued a new ruling.
 
 
 21
 We nevertheless agree with the district court that Hansen failed to show a genuine issue of material fact exists as to whether his reliance on the IRS's letter constitutes reasonable cause. The record shows the IRS had assessed similar penalties against Hansen and his clients on two previous occasions, once before and once after Hansen received the IRS's letter. Hansen filed suit on behalf of his clients on both occasions to challenge the lawfulness of the penalty assessments and the validity of the Secretary's regulation. Hansen therefore knew the IRS would penalize him for failing to make his tax payments to a government depositary.
 
 
 22
 While it is true that the question of whether the Regulation was valid was not reached in Hansen's previous actions, this in no way negates the fact that Hansen had been and knew he was subject to being penalized under section 6656 for making his tax payments directly to an IRS service center. Thus, the district court did not err by finding as a matter of law that Hansen did not reasonably rely on the IRS's letter. See West v. State Farm Fire & Casualty Co., 868 F.2d 348, 350-51 (9th Cir.1989) (per curiam) (recognizing that under certain circumstances question of reasonableness may be determined as matter of law). Accordingly, because the government was entitled to judgment as a matter of law, the court did not err by granting summary judgment for the government. See Conklin Bros., 986 F.2d at 316.
 
 
 23
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The penalty, together with interest, amounted to $136.84