46 F.3d 1144
 75 A.F.T.R.2d 95-810, 95-1 USTC P 50,133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Shigeko RAKOSI, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee
 No. 93-70540.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 13, 1995.*
Decided: Jan. 27, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING, District Judge**.
 
 
 2
 MEMORANDUM***
 
 
 3
 Because the parties are familiar with the facts of this case, we will not recite them here. We hold that 26 U.S.C. Sec. 6511(a) bars as untimely Mrs. Rakosi's claim for refund of her 1983 overpayment. We also hold that the Rakosis are liable for additions to their 1987 tax for negligence and for failure to file a timely return. We therefore affirm the Tax Court's judgment.
 
 
 4
 I. Rakosi's Eligibility for Refund of her Overpaid 1983 Taxes
 
 
 5
 We will review de novo the Tax Court's interpretation of the Tax Code.. Williamson v. Commissioner, 974 F.2d 1525, 1529 (9th Cir. 1992). Section 6511(a) of the Tax Code sets up a threshold requirement that a taxpayer must meet to qualify for any refund of past tax overpayments. The section provides that
 
 
 6
 [c]laim for [] refund of an overpayment of [] tax [where] the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed [], or if no return was filed by the taxpayer, within 2 years from the time the tax was paid....
 
 
 7
 Mrs. Rakosi failed to prove that she ever filed her return for the 1983 tax year. She made no claim for refund of those overpayments until July of 1988, more than four years after they were paid. Under the threshold test of section 6511(a), she is ineligible for any refund of overpayments for that year. See Miller v. United States, 38 F.3d 473, 475 (9th Cir. 1994). We need not reach the "look-back" analysis of section 6511(b). We affirm the Tax Court's finding that section 6511 bars as untimely any refund for the 1983 tax year.
 
 
 8
 II. Additions to Tax for Negligence and Failure to File
 
 
 9
 The Tax Court's upholding of additions to tax is dependent on factual findings, and is therefore reviewed for clear error. See United States v. Derr, 968 F.2d 943, 945 (9th Cir. 1992). Section 6651(a)(1) of the Code allows for penalties if a taxpayer fails to file a timely return, unless the taxpayer shows that the failure is "due to reasonable cause and not due to willful neglect." "Reasonable cause" is a narrow justification where, for example, a taxpayer "demonstrates that he exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." Conklin Bros. of Santa Rosa, Inc. v. United States, 986 F.2d 315, 317 (9th Cir. 1993) (quoting 26 C.F.R. Sec. 301.6651-1(c)(1)).
 
 
 10
 The Tax Court did not clearly err in finding that the Rakosis' conduct did not measure up to the Conklin standard. Attila delayed in filing the 1987 return solely because he had been unable to ascertain why the IRS had charged him with filing frivolous returns in 1984 and 1985, and he did not wish to repeat the error. He chose this dilatory course of action, despite his knowledge of the timely filing requirement, instead of seeking assistance from a competent source and timely filing. Given the Tax Court's knowledge of the Rakosis' history with the IRS, it could certainly have found that they were less than prudent in their actions, and that this cause was therefore less than reasonable.
 
 
 11
 Section 6651(a)(1) of the Tax Code imposes further penalties on a taxpayer when "any part of an underpayment of tax ... is due to negligence (or disregard of rules or regulations) ...." Negligence is here defined as a "lack of due care or failure to do what a reasonable and prudent person would do under similar circumstances." Allen v. C.I.R., 925 F.2d 348, 353 (9th Cir. 1991).
 
 
 12
 Again, the Tax Court did not clearly err in finding that the Rakosis were negligent within the meaning of section 6653. The Rakosis claimed to have used a portion of their home solely to conduct their litigation of the first deficiency proceeding. On their 1987 return they claimed at least $742 in itemized deductions, characterizing this use of their home as a "business expense." IRS disallowed the deductions pursuant to clear case law, and part of the Rakosis' 1987 deficiency resulted from this disallowance.
 
 
 13
 The Tax Court found that the Rakosis were not reasonable and prudent in attempting to claim the deduction, and so were negligent within the meaning of section 6653(a). We cannot say that the Tax Court clearly erred in its judgment. See Rapp v. Commissioner, 774 F.2d 932, 935-36 (9th Cir. 1985). We therefore affirm on the issue of additions to tax.
 
 III. Miscellaneous Issues
 
 14
 In their briefs, the Rakosis raise several other issues that we find wholly devoid of merit. We briefly identify and dispose of each here:
 
 
 15
 1) The Tax Court misapplied the Federal Rules of Evidence in excluding proffered testimony and documents. The subject evidence was either completely irrelevant to the issues in the respective proceedings or pertained only to issues that Shigeko had failed to include in her petition or to claim on her return.
 
 
 16
 2) The findings of deficiency and barring of refund violate the Rakosis' constitutional right to property, to substantive due process, and to equal protection. This argument is without legal basis and is in any event too vague for the Commissioner to frame a meaningful response.
 
 
 17
 3) The Tax Court erred in dropping Attila from most of the action. The Tax Court could exercise jurisdiction over Attila only if he was named in the notice of deficiency. He was named only in the notice for the 1987 tax year.
 
 
 18
 4) The Tax Court acted unfairly in upholding portions of the stipulation detrimental to Shigeko. Tax Court Rule 91(e) treats stipulation agreements as binding. Shigeko has shown no convincing reason why application of that rule is unfair.
 
 
 19
 5) The Tax Court wrongly denied the Rakosis' deductions for office expenses. The Tax Court precluded these deductions pursuant to clearly established law defining the limits of business office deductions. See Commissioner v. Soliman, 113 S. Ct. 701 (1993).
 
 
 20
 6) The Tax Court wrongly denied costs and attorney fees. The Rakosis were not prevailing parties; nor did they ever retain an attorney.
 
 IV. Conclusion
 
 21
 For all of the reasons discussed above, we affirm the decision of the Tax Court.[1]
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decisin without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 Rakosi's "Motion for Prompt Enforcement of Remaining Issues," filed on January 5, 1995, is denied