MASON MOTORS CO., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. Civ. 97–218 (DSD/JMM).

United States District Court,
D. Minnesota.

June 30, 1998.

Steven Z. Kaplan, Ryan D. Simafranca, Fredrikson & Byron, Minneapolis, MN, for Plaintiff.

Nanci S. Bramson, U.S. Department of Justice, Tax Division, Washington, DC, for Defendant.

## ORDER

DOTY, District Judge.

This matter is before the court upon the motion of defendant for summary judgment. Based upon a review of the file, record and proceedings herein, the court grants defendant's motion.

## BACKGROUND

Plaintiff Mason Motors Company ("Mason Motors") is a Minnesota corporation in the business of selling automobiles. In 1981, Raymond William Mason ("Mason"), the president of Mason Motors hired Jo Nalls–Vanvleet ("Nalls") to work in Mason Motors' office as a bookkeeper. Nalls was promoted to office manager and was responsible for maintaining Mason Motors' books and records, preparing checks for the payment of creditors and employees, preparing payroll and complying with employment tax filing obligations, and signing checks and the payroll tax returns when Mason or his father were not available to sign them.

In 1988, Mason first became aware that Nalls was suffering from severe depression stemming from an abusive relationship and that Nalls had failed to timely file employ-

ment tax returns, make deposits, or pay employment taxes owed for the last two quarters in 1987. Nalls concealed the non-filing and non-payment of taxes from Mason by adjusting the payroll taxes payable item to reflect only the amounts currently due and by intercepting all mail and notices from the Internal Revenue Service ("IRS"). Upon learning of Nalls I conduct, Mason retained the accounting firm of Froehling, Anderson, Plowman & Wasmuth, Ltd., ("Froehling accounting firm") to prepare the necessary quarterly returns. Mason Motors promptly paid all employment tax liabilities that were then outstanding. The IRS abated all penalties relating to Nalls' conduct.

Nalls left her employment at Mason Motors and sought medical treatment. Nalls started her own bookkeeping business which was not successful. From 1989 until 1991, Mason hired bookkeepers who were not familiar with the specialized accounting system required in Mason Motors' business. In 1991, Mason retained the services of the Froehling accounting firm to correct the accounting records. Also in 1991, Mason re-hired Nalls to work on a part-time basis as a bookkeeper. In September 1991, Mason returned Nalls to her position as office manager, which included the same responsibilities which Nalls had prior to 1989.

Mason retained the Froehling accounting firm to review Nalls' monthly financial statements and supporting documentation on an ongoing basis. In addition, Mason held meetings with Nalls to review the current financial statements. Mason also held quarterly meetings with the accounting firm. After a year of such supervision, Mason determined that it was unnecessary to continue with the accounting firm's supervision. Mason continued to meet with Nalls, but Mason did not require Nalls to provide supporting documentation to prove the accuracy of the statements. Mason believed that the crisis had passed in Nalls' life.

From July 1994 through September 1995, Nalls again failed to file Mason Motors' employment tax returns and to deposit and pay the employment taxes. From October 1995 through December 1995, Nalls failed to deposit Mason Motors' employment taxes. Nalls concealed her failures by altering the company books and records and by inter-

cepting mail from the IRS. By letter dated December 14, 1995, Susan Kurowski ("Kurowski"), an IRS revenue officer, informed Mason that the IRS had no record of receiving tax returns for tax periods ending September 30, 1994, December 31, 1994, March 31, 1995, June 30, 1995, and September 30, 1995, and directed Mason to appear for a meeting on December 29, 1995 to discuss the delinquencies. After Nalls contacted Kurowski to inform her that Mason would not be attending the meeting, Kurowski contacted Mason at his home to discuss the situation. On the same day that Mason received the telephone call from Kurowski, he immediately caused Mason Motors to file all necessary returns and to pay all of the tax and interest that was owing for the delinquent periods. A check in the amount of $168,000 was mailed to the IRS Service Center. The IRS assessed delinquency penalties against Mason Motors for the third quarter of 1994 through the end of the first quarter of 1996. The assessments included penalties for the late deposit of taxes for a portion of December 1995 and for the first quarter of 1996 that resulted from Mason's mailing the taxes to the IRS instead of depositing them at a bank, pursuant to statutory requirements. After paying all of the penalties which totaled $85,022, Mason Motors sought to have the IRS abate the penalties. The IRS denied the request.

In January 1997, Mason Motors commenced this action asserting that the IRS erroneously assessed penalties, and seeking a refund of the penalties assessed for late filing, late deposit, late payment, and interest. Discovery is now closed and the defendant moves for summary judgment.

## DISCUSSION

The court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict

for that party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

On a motion for summary judgment, the court views the evidence in favor of the nonmoving party and gives that party the benefit of all justifiable inferences that can be drawn in its favor. *Anderson*, 477 U.S. at 250, 106 S.Ct. 2505. The nonmoving party, however, cannot rest upon mere denials or allegations made in the pleadings. Nor may the nonmoving party simply argue that facts supporting its claim may be developed later at trial. Rather, the nonmoving party must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A fact is material if it might affect the outcome of the action under governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. If reasonable minds could differ as to the import of the evidence, summary judgment should not be granted. *See id.* at 250–51, 106 S.Ct. 2505.

Pursuant to the Internal Revenue Code ("the Code"), employers are required to deduct and withhold social security and income taxes from the wages paid to their employees. *See* 26 U.S.C. §§ 3102(a) and 3401. The withheld taxes are then held by the employer in trust for the benefit of the United States. *See* 26 U.S.C. § 7501(a). An employer is required to deposit the withheld amounts in an approval bank at various intervals during a calendar quarter depending upon how much is withheld. 26 U.S.C. § 6302; 26 C.F.R. § 31.6302(c)–1(a)(1). In addition, the employer is required to file with the IRS each quarter payroll tax returns, Form 941, detailing the amounts withheld from the employees and the taxes to be paid. The returns and payments are due each calendar quarter. *See* 26 U.S.C. § 6011(a); 26 C.F.R. §§ 31.6011(a)–4(a)(1); 26 C.F.R. 31.6071(a)–(1)(a)(1). A failure to comply with the statutory and regulatory schemes subjects an employer to an assessment of penalties and interest. *See* 26 U.S.C. § 6651(a)(1) (imposing penalty for failure to file tax return); 26 U.S.C. § 6651(a)(2) (imposing penalty for failure to deposit taxes); 26 U.S.C. § 6656(a) (imposing penalty for failure to timely pay a tax). "To escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *See United States v. Boyle*, 469 U.S. 241, 245, 105 S.Ct. 687, 83 L.Ed.2d 622 (1985) (quoting 26 U.S.C. § 6651(a)(1)).

Neither "willful neglect" nor "reasonable cause" are defined in the Code. The Supreme Court has recognized the term "willful neglect" as meaning a "conscious, intentional failure or reckless indifference." *See id.* The relevant regulations recognize that "reasonable cause" is established if the taxpayer makes a satisfactory showing that he exercised "ordinary business care and prudence in providing for payment of his tax liability" and, notwithstanding the exercise of ordinary business care and prudence, the taxpayer was either "unable to pay the tax or would suffer an undue hardship" if he did. *See* 26 C.F.R. § 301.6651–1(c)(1); *see also Boyle*, 469 U.S. at 246, 105 S.Ct. 687; *In re Carlson*, 126 F.3d 915, 921 (7th Cir.1997).

Defendant moves for summary judgment arguing that the material facts are not in dispute and that Mason Motors cannot demonstrate reasonable cause and lack of willful neglect on this record as a matter of law. Mason Motors asserts that its failure to comply with the statutes was due to the unauthorized conduct of Nalls which it should have the opportunity to argue at trial establishes reasonable cause and the absence of willful neglect.

In *Boyle*, the Supreme Court determined that the failure to make a timely filing of a tax return "is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing...." *Boyle*, 469 U.S. at 252, 105 S.Ct. 687. Although the *Boyle* decision did not involve a corporation, courts apply the same principle to the corporate taxpayer. *See Valen Mfg. Co. v. United States*, 90 F.3d 1190, 1193 (6th Cir.1996) (stating the non-delegable nature of

the duty imposed upon taxpayers to comply with filing and payment requirements); *Conklin Bros. of Santa Rosa, Inc. v. United States,* 986 F.2d 315, 317 (9th Cir.1993) (recognizing that Congress has charged the corporate taxpayer "with an unambiguous duty to file, pay, and deposit employment taxes, and [the corporation] cannot avoid responsibility by simply relying on its agent to comply with the statutes"); *In re Frederick Savage, Inc.,* 179 B.R. 342, 346 (Bankr. S.D.Fla.1995) (stating that the corporate taxpayer "cannot be excused from complying with the statutory requirements on the ground that it relied on one of its employees to fulfill those obligations"). Each of these decisions recognizes that a corporation can only act through its officers or employees as its agents, but as the court stated in *Savage:*

> Since a corporation can only act through its employees or officers, the failure of a corporation to timely file tax returns or to timely make required tax payments or deposits almost invariably will be the result of the failure of one or more of the corporation's employees or officers to carry out his or her assigned duties. If an employee or officer's non-performance of duties was deemed to be reasonable cause, the IRS would rarely be able to impose tax penalties on a corporation.

*Savage,* 179 B.R. at 347. Thus, Mason Motors' misplaced reliance on Nalls as a subordinate employee and agent to comply with its statutory tax obligations does not provide reasonable cause. However, the Court in *Boyle* "expressly distinguished the question of the taxpayer's misplaced reliance on an agent to perform a known duty from the question of the taxpayer's disability." *In re American Biomaterials Corp.,* 954 F.2d 919, 923 (3d Cir.1992).

▆ Assuming that Mason Motors establishes a lack of willful neglect and the exercise of ordinary business care and prudence, the record does not support a finding that Mason Motors was disabled. The government relies on *Conklin Bros. of Santa Rosa, Inc. v. United States,* 986 F.2d 315 (9th Cir.1993) and *Valen Mfg. Co. v. United States,* 90 F.3d 1190 (6th Cir.1996) in support of its position that Mason Motors was not disabled from complying with its tax obligations. In *Conklin,* the Ninth Circuit Court

of Appeals considered the misfeasance of a corporate employee and whether the misfeasance rendered the corporation disabled. *See* 986 F.2d at 318. In that case, the corporation hired and promoted an employee to the position of office manager. The office manager was in charge of the corporation's employment tax obligations. Although the office manager had been closely supervised for a period of time, she failed to timely make payroll deposits and payments and failed to timely file returns. The office manager then concealed her delinquencies before resigning. The corporation was assessed penalties by the IRS, but argued that it had reasonable cause and that the penalties should be refunded. The *Conklin* court recognized that the corporation could not simply rely on its agent to comply with the statutes. In addition, the *Conklin* court determined that the office manager's intentional misconduct did not disable the corporation from timely adhering to its tax obligations since the corporation's president and sole shareholder, as well as outside accountants, retained control over the office manager. Under the circumstances, the corporation was not disabled from timely complying with its tax obligations.

Similarly, in *Valen,* the Sixth Circuit Court of Appeals addressed a corporate employee's failure to comply with the statutory filing requirements. *See* 90 F.3d at 1193–94. In considering whether the corporation was disabled, the *Valen* court recognized that upon discovery of the employee's failures, the company was able to immediately forward to the IRS the necessary payments, including penalties. In addition, the *Valen* court interpreted *Boyle* as hinting that "such disability must result from circumstances beyond the taxpayer's control ..., not simply the 'taxpayer's reliance on an agent employed by the taxpayer.'" *Valen,* 90 F.3d at 1193 (quoting *Boyle,* 469 U.S. at 248 n. 6, 105 S.Ct. 687). The Sixth Circuit determined that the corporation was not disabled, emphasizing that the executive officers' retention of control and oversight of the employee's work and ultimate tax obligations precluded a determination that the circumstances were beyond the corporate taxpayer's control. As in *Conklin* and *Valen,* the government argues that the

deficiencies of Nalls were not beyond Mason Motors' control.

Mason Motors attempts to distinguish *Boyle* by asserting that the facts of that case involved an agent that negligently failed to perform his duties in the scope of his employment. In contrast, Mason Motors argues, this case involves a disloyal, deceitful employee who was not acting within the scope of her employment. Thus, Mason Motors asserts, the government's reliance on *Conklin* and *Valen* is misplaced. Rather, Mason Motors claims that the Third Circuit Court of Appeals' decision in *In re American Biomaterials Corp.*, 954 F.2d 919 (3d Cir.1992) is applicable. In *Biomaterials*, the Third Circuit affirmed a district court's determination that a corporate taxpayer had been rendered "disabled" when the corporate officers who were in ultimate control over the corporation's tax obligations committed embezzlement and made the corporation unable to fulfill its duties under the tax code.

Although Mason Motors compares Nalls' conduct to that of the officers in *Biomaterials*, the record in this case does not include an embezzlement or a criminal conviction and the record does not support a finding of criminal conduct. The *Biomaterials* court specifically limited its holding to circumstances in which the officers committed intentional criminal conduct rather negligent or reckless management. *See* 954 F.2d at 927 n. 8. In addition, Mason Motors immediately paid the amount due upon learning of the deficiency.

As in *Conklin* and *Valen*, the corporation's officer retained ultimate control over the corporation's tax obligations. The court concludes that the record in this case does not support a finding that Mason Motors was disabled.

■ Mason Motors also seeks a refund of the penalty assessed for Mason Motors' mailing of its payments to the IRS as opposed to depositing the payments at a bank as required by statute. The only evidence in support of this claim is found in Mason's deposition:

Q: Why do you feel that you were reasonable in failing to timely pay the payroll taxes for the first quarter of 1996?

A: As I recall, in 1996, we took such good care to make sure that we had got [ten] things in place that I think that's the quarter that we mailed in the 941 payroll taxes and got slapped for mailing them in as opposed to depositing them in the bank....

Q: And then a penalty was imposed?

A: Yes.

Q: Did you discuss that with Ms. Kurowski or anyone?

A: Yes.

Q: And what were you told?

A: She just felt that—to the best of my knowledge, she just felt that that would have to be dealt with the whole arena. That didn't come out until after I had hired ADP, until we were underway, that the penalty was imposed. We got that for that one quarter, and, in my investigation as to why, that's how it happened, trying to be the good guys.

Deposition of Raymond William Mason at 31–32. Although plaintiff implies in its memorandum in opposition to summary judgment that Mason on Kurowski's advice to mail the payments, the record does not support such an inference. In short, Mason's testimony is insufficient to sustain Mason Motors' heavy burden of establishing reasonable cause.

### CONCLUSION

Based upon a review of the file, record, and proceedings herein, **IT IS HEREBY ORDERED** that defendant's motion for summary judgment is granted (Doc. Nos. 17 and 23). Plaintiff's action is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**