T.C. Memo. 2004-43

UNITED STATES TAX COURT

CHARLOTTE'S OFFICE BOUTIQUE, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent*

Docket No. 5077-01.                    Filed February 25, 2004.

       In Charlotte's Office Boutique, Inc. v.
Commissioner, 121 T.C. 89 (2003), an employment tax
case brought under sec. 7436(a), I.R.C., we held that P
is liable for unreported 1995 through 1998 employment
taxes and certain additions thereto under secs.
6651(a)(1) and 6656, I.R.C.  P now asserts that this
Court lacked jurisdiction to redetermine the referenced
additions to tax.  P argues primarily that section
7436(a), I.R.C., by its terms allows the Court to
redetermine only "the proper amount of employment tax"
and not any additions thereto.  P argues alternatively
that sec. 6651(a)(1), I.R.C., by its terms does not
allow the Court to redetermine an addition to tax under
that section in the case of a failure to file the
returns at issue; namely, Forms 941, Employer's

_____

       *This Supplemental Memorandum Opinion supplements our prior
Opinion in Charlotte's Office Boutique, Inc. v. Commissioner, 121
T.C. 89 (2003).

Quarterly Federal Tax Return.  P asserts that Form 941 is an information return that is required to be filed under authority of sec. 6041, I.R.C., notes that sec. 6041, I.R.C., is found in pt. III of subch. A of ch. 61 (pt. III), and notes that sec. 6651(a)(1), I.R.C., provides explicitly that the addition to tax set forth therein does not apply to a return required to be filed under authority of pt. III.  <u>Held</u>:  The Court has jurisdiction to redetermine the additions to tax at issue.  <u>Held</u>, <u>further</u>, sec. 6651(a)(1), I.R.C., applies to P's failure to file the Forms 941 in that Form 941 is not an information return required to be filed under authority of pt. III but is a tax return required to be filed under authority of pt. II of subch. A of ch. 61, more specifically, sec. 6011(a), I.R.C., and the regulations thereunder.


<u>Robert E. Kovacevich</u>, for petitioner.

<u>Milton B. Blouke</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION


LARO, <u>Judge</u>:  In <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, 121 T.C. 89 (2003), an employment tax case brought under section 7436(a),[1] we held that petitioner is liable for unreported 1995 through 1998 employment taxes and certain additions thereto under sections 6651(a)(1) and 6656.  Petitioner now asserts that the Court lacked jurisdiction to redetermine the referenced additions to tax.  Petitioner argues primarily that

---

[1] Unless otherwise noted, chapter, subchapter, part, and section references are to the applicable versions of the Internal Revenue Code.

section 7436(a) by its terms allows the Court to redetermine only "the proper amount of employment tax" and not any additions thereto. Petitioner argues alternatively that section 6651(a)(1) by its terms does not allow the Court to redetermine an addition to tax under that section in the case of a failure to file the returns at issue; namely, Forms 941, Employer's Quarterly Federal Tax Returns. Petitioner asserts that Form 941 is an information return that is required to be filed under authority of section 6041, notes that section 6041 is found in part III of subchapter A of chapter 61 (part III), and notes that section 6651(a)(1) provides explicitly that the addition to tax set forth therein does not apply to a return required to be filed under authority of part III.[2]

We reject both of petitioner's arguments. Petitioner's challenge to our jurisdiction is a direct attack on our authority to redetermine the additions to tax which we redetermined adversely to petitioner in <u>Charlotte's Office Boutique, Inc. v. Commissioner</u>, <u>supra</u>. Our jurisdiction evolves from the Internal Revenue Code, and we may exercise our jurisdiction only to the extent authorized by Congress. <u>Neilson v. Commissioner</u>, 94 T.C. 1, 9 (1990); <u>Naftel v. Commissioner</u>, 85 T.C. 527, 529 (1985); see also sec. 7442. Whether we have jurisdiction over the subject

---

[2] Part III is entitled "Information Returns" and includes secs. 6031 through 6060.

matter of a dispute is an issue that either party thereto may raise at any time. The failure to question our jurisdiction is not a waiver of the right to do so, for if we lack jurisdiction over an issue, we do not have the power to decide it. Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982); see also Raymond v. Commissioner, 119 T.C. 191, 193 (2002), and the cases cited therein. The requirement that jurisdiction be established "[springs] from the nature and limits of the judicial power of the United States" and is "inflexible and without exception". Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884); see also Steel Co. v. Citizens for a Better Envt., 523 U.S. 83, 94-95 (1998).

Petitioner argues primarily that the text of section 7436(a) does not give us jurisdiction in an employment tax case such as this to redetermine an addition to an employment tax. We disagree. Recently, in Ewens & Miller, Inc. v. Commissioner, 117 T.C. 263, 267-268 (2001), we held that we did have jurisdiction over such matter. We do likewise here for the reasons stated therein. We repeat for emphasis that section 7436(a), when read in the context of the Internal Revenue Code as a whole, and especially sections 6665(a)(2) and 7436(e), gives this Court the requisite jurisdiction to redetermine an addition to tax in an employment tax case such as this brought under section 7436(a).

Petitioner's alternative argument challenges the applicability of section 6651(a)(1) to an employer such as petitioner who fails to file timely a Form 941.  Petitioner asserts that a plain reading of section 6651(a)(1) places such an untimely filing outside of that section.  We disagree.  Section 6651(a)(1) applies explicitly to a failure "to file any return required under authority of subchapter A of chapter 61 (other than part III thereof)", and, contrary to petitioner's assertion, a Form 941 is required to be filed not under authority of part III of subchapter A of chapter 61 (part III) but under authority of part II of subchapter A of chapter 61 (part II).[3]  More specifically, petitioner's obligation to file the Forms 941 at issue arose under the authority of section 6011(a) and the regulations prescribed thereunder.

Section 6011(a), which is found not in part III but in part II, provides:

> SEC.  6011.  GENERAL REQUIREMENT OF RETURN, STATEMENT, OR LIST.
>
> (a) General Rule.--When required by regulations prescribed by the Secretary any person made liable for any tax imposed by this title, or with respect to the collection thereof, shall make a return or statement according to the forms and regulations prescribed by the Secretary.  Every person required to make a return or statement shall include therein the information required by such forms or regulations.

---

[3] Part II includes secs. 6011 through 6021 and is entitled "Tax Returns or Statements".

The relevant regulations which were prescribed under section 6011(a), specifically, section 1.6011-1(a), Income Tax Regs., and section 31.6011(a)-4(a), Employment Tax Regs., provide in relevant part:

> Sec. 1.6011-1.  General Requirement of Return, Statement, or List.
>
>      (a) General rule.--Every person subject to any tax, or required to collect any tax, under subtitle A of the Code, shall make such returns or statements as are required by the regulations in this chapter.  The return or statement shall include therein the information required by the applicable regulations or forms.
>
>                *    *    *    *    *    *    *
>
> Sec. 31.6011(a)-4.  Returns of Income Tax Withheld.
>
>      (a) Withheld from wages.
>
>           (1) In general.* * * every person required to make a return of income tax withheld from wages pursuant to section 3402 shall make a return for the first calendar quarter in which the person is required to deduct and withhold such tax and for each subsequent calendar quarter, whether or not wages are paid therein, until the person has filed a final return in accordance with §31.6011(a)-6.  * * *  Form 941 is the form prescribed for making the return required under this paragraph.

It is the text of these three quoted provisions that establishes the requirement that petitioner file the Forms 941 at issue.  Cf. Slodov v. United States, 436 U.S. 238, 242-243 & n.2 (1978) (Court referenced sec. 31.6011(a)-4, Employment Tax Regs., in discussing the "return filing requirements" for quarterly payroll

tax returns of employers); Conklin Bros. Of Santa Rosa, Inc. v. United States, 986 F.2d 315, 316 nn.1 & 2 (9th Cir. 1993) (court noted that section 3402 requires that an employer deduct and withhold certain taxes from its employees' wages and that section 6011(a) and section 31.6011(a)-4(a)(1), Employment Tax Regs., require the employer to report those taxes on its "payroll tax return", more specifically, Form 941).

Petitioner relies mistakenly on section 6041 to support its requested holding that an employer must file Form 941 under authority of part III.[4]  Although petitioner observes correctly that section 6041 and the regulations prescribed thereunder require employers such as it to file with the Secretary a "return" for each calendar year that it pays wages of at least $600 to an employee, that section 6041 is found in part III, and that section 6651(a)(1) provides explicitly that the addition to

---

[4] Although petitioner has not shared with us the specific provision of sec. 6041 upon which it relies to support its position, we believe that petitioner is relying upon sec. 6041(a).  The relevant provisions of that section are as follows:

SEC. 6041.  INFORMATION AT SOURCE.

(a) Payments of $600 or More.--All persons engaged in a trade or business and making payment in the course of such trade or business to another person, of * * * wages * * * shall render a true and accurate return to the Secretary, under such regulations and in such form and manner and to such extent as may be prescribed by the Secretary, setting forth the amount of such gains, profits, and income, and the name and address of the recipient of such payment.

tax set forth therein does not apply to a return required to be filed under authority of part III, we do not find in section 6041, or in the underlying regulations, an express requirement that petitioner file the Forms 941 at issue. In fact, we read the applicable regulations under section 6041 to state specifically that an employer such as petitioner must make for each calendar year an "information return" and that it must do so on "Forms W-3 [Transmittal of Wage and Tax Statements] and W-2 [Wage and Tax Statement]". Sec. 1.6041-1(a)(1)(i) and (2), Employment Tax Regs. We also note in this regard that Form 941 is entitled a "Tax Return" as opposed to an information return.

In closing, each party has submitted to the Court a proposed computation for entry of decision and an objection to the other party's proposed computation. We have reviewed these proposed computations and objections, and we conclude that respondent's proposed computation properly reflects our Opinion at 121 T.C. 89 and that petitioner's proposed computation does not. We have considered all objections and assertions made by petitioner as to this matter, and we have found those objections and assertions not discussed herein to be irrelevant and/or without merit. Accordingly,

Decision will be entered in accordance with respondent's proposed computation.